## EARLES v. GERMAIN CO.

(District Court, S. D. Alabama.   May 20, 1920.)

No. 620.

**Removal of causes ⊙━10—Jurisdiction not acquired by removal where state court was without jurisdiction.**

Under the Constitution and statutes of Alabama, as construed by its Supreme Court, the courts of the state are without jurisdiction of a suit against a foreign corporation on a cause of action which arose outside the state, and a federal court acquires no jurisdiction by removal.

At Law. Action by J. S. Earles against the Germain Company. On demurrer to plea in abatement. Overruled.

See, also, 265 Fed. 715.

R. H. & R. M. Smith & Middleton, of Mobile, Ala., for plaintiff.
Armbrecht, Johnston & Mitchell, of Mobile, Ala., for defendant.

ERVIN, District Judge. This suit was instituted in the state circuit court of Mobile county, Ala., and was removed to this court by the defendant before having filed any pleadings or general appearance in the state court. In this court, before having appeared generally, the

defendant filed a plea in abatement, in which it set up that it was a corporation organized under the laws of Pennsylvania, and was a nonresident of the state of Alabama; that plaintiff was, at the time of the commencement of this suit in the state court, and is now, a resident of the state of Mississippi, and a nonresident of the state of Alabama; and further that the cause of action sued on did not arise in the state of Alabama, nor under any contract or action had, or act done or omitted, in the state of Alabama. It is then suggested that the circuit court of Mobile county, Ala., had no jurisdiction of the cause of action, and hence there is no valid cause of action pending in this court.

It will be noticed that the plea does not negative the fact that the defendant corporation is or was doing business in the state of Alabama at the time of the commencement of this suit. It is manifest that, if there was no valid cause of action in the state court, there is none here, because the removal only brought to this court what was pending in the state court, subject, however, to defects which might be cured by amendment.

Plaintiff demurred to the plea; so the question arises whether or not, under the provisions of the Constitution and statutes of Alabama, its state court had any jurisdiction of a suit against a nonresident corporation on a cause of action arising outside of the state of Alabama. In a very recent case by the Supreme Court of the United States, Chipman v. Thomas B. Jeffrey Co., 251 U. S. 373, 40 S. Ct. 172, 64 L. Ed. ——, decided January 19, 1920, where the question arose on a motion to strike the service on a nonresident corporation in New York, the contention was that this question depended upon the statutory provisions of New York. The Supreme Court says:

"And making that assumption of the control of the statute, which we do in deference to counsel's contention, for light we must turn to the New York decisions."

Turning, then, to the Alabama decisions for a construction of the provisions of this state, permitting nonresident corporations to be sued here, we find, as the court in the Jeffrey Case says of the New York decisions, "scarcely any ambiguity in them." The case of Dozier Lumber Co. v. Smith-Isberg Lumber Co., 145 Ala. 320, 39 South. 714, where a number of the Alabama cases are collated, holds that the state courts of Alabama have no jurisdiction of an action against a foreign corporation, where the cause of action arose outside the state of Alabama. I have examined these cases with care, in view of the contention made by plaintiff that they had overlooked the language of the Constitution of Alabama. This language is found in section 232 of the Constitution of Alabama of 1901, in the following words:

"No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

The statute of Alabama, found in its Code, § 6112, is practically a reiteration of the venue part of the Constitution, and is in the following words:

"A foreign or domestic corporation may be sued in any county in which it does business by agent."

It is now urged upon me that there is no difference between a foreign corporation who has complied with the provisions authorizing it to do business in this state and a foreign individual who comes into this state, as to suits against them on causes of action arising elsewhere, and that the language of the Constitution is broad and unqualified, where it says that such corporation may be sued in any county where it does business, and that hence this language means it may be sued on any cause of action anywhere arising, and I am cited the case of Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 South. 941, 25 L. R. A. 543.

It might be sufficient answer to this contention to say that, while the cases collated in the Dozier Lumber Company Case do not refer specifically to the Constitution, they all hold unanimously that under the laws of Alabama (and the Constitution certainly is the law of Alabama) a foreign corporation could not be here sued upon a cause of action arising elsewhere, and necessarily construe the language of the Constitution to mean that, when foreign corporations come to this state and comply with its laws as to doing business, they can then be sued, in any county in this state where they are doing business, only on a cause of action arising in the state. This construction necessarily follows from these decisions, and they have so put this construction upon the language used in the Constitution.

Turning, now to the Sullivan Case, let us see if that decision contradicts what is held in the other cases. In the first place, we find that the Sullivan Case was a suit against a Florida corporation, doing business in Alabama, on a cause of action arising in Alabama, so that the court was not discussing in terms the question of the state courts having jurisdiction of a cause of action against a foreign corporation which arose elsewhere. The opinion is an exhaustive one by Brickell, Chief Justice, in which he discusses the rights of nonresident corporations. On the top of page 375 of 103 Ala. (15 South. 942 [25 L. R. A. 543]), he says:

"The principle came to be accepted that, if a foreign corporation sent agents into another state, and there, by acquiescence or legislative permission of the state, engaged in the transaction of business, *upon all causes of action there arising*, it became subject to suit in such mode as the law of the state provided, or, if there was no special provision for such suits, in the mode prescribed for suits against domestic corporations." (Italics mine.)

We here find the court discussing the proposition of foreign corporations being liable for suit in a state in which they do business, upon all causes of action there arising. It is true that this was a rule laid down where the corporations were doing business by comity or by legislative permission. The court discusses learnedly the advance in the law of foreign corporations, and how it came about that they were permitted to do business in other states than that of their creation, and finally the permission came to be regulated by legislative enactment. On page 376 of 103 Ala. (15 South. 943 [25 L. R. A. 543]) the court refers to the constitutional provision which I have above quoted, and,

after stating that the word "such corporation" meant such corporation as had conformed to the requirements there found for doing business in this state, says:

"When the Constitution is read in the light of the pre-existing law, we understand what were the defects and mischiefs it is intended to supply and correct, the changes it is intended to make, and the scope and extent of its provisions. By comity, or mere acquiescence, a foreign corporation may not now make contracts from which it can derive rights or benefits, or transact any part of the business for which it was organized. The condition upon which it may do business, fixed and prescribed by the Constitution, is inflexible [quoting authorities]. The corporation having fixed for itself a known place of business, and placed therein authorized agents, thereby gives to itself a locality or domicile, and, so long as it continues there to do business, may be sued as a domestic corporation may be sued at its domicile or principal place of business. The liability to suit does not now rest upon the theory that the corporation, by sending its agents into the state for the transaction of business, is presumed to consent to be sued here. The assent is expressed in the condition upon which it can legally transact corporate business within the state. It is not the purpose of the Constitution to confine the corporation in the transaction of business to the locality or domicile it may designate as its 'known place of business.' The Constitution speaks in recognition of the known fact that the business foreign corporations are created and organized to transact is varied, entering into nearly all the industries, commerce, and interests of the country; that in the course of the transaction of its business the corporation would probably send its agents into other counties beyond the 'known place of business' it had designated, for the transaction of such corporate business as was intrusted to them. In such counties, while doing business there, the Constitution subjects the corporation to suit, as well as within its domicile, or 'known place of business.' But it must be observed that the essential fact, upon which the liability to suit in other counties depends, is that it 'does business' in such counties; as the essential fact rendering it liable to a personal action, in the courts of the state, prior to the Constitution, was that it was doing business within the state. The material changes, which the Constitution works, are that the corporation becomes liable to suit in any county in which it does business, and the process may be served, compelling it to appear, upon an agent anywhere in the state. The words of the statute are plain and unambiguous. There is no room for construction or interpretation, or for an inquiry into the policy of the provision, or the motives which it may be supposed induced its adoption. It speaks of the present, not of the past, or of the future. The words 'does business' are equivalent in meaning, and expressive of the same thought, as the words 'doing business.' Unless we deflect these words from their plain and usual signification, or import into the Constitution words not found there, we are constrained to the conclusion that a foreign corporation, having a known place of business in the state, is not subject to a personal action in a county beyond such place of business, unless, at the time of the commencement of the suit, it was doing business in such county, and that it is immaterial that the contract was made, or the cause of action arose, on which the suit is founded, at some past time when the corporation was doing business in such county."

Now we find the court here holding that a foreign corporation which does business in certain counties of the state of Alabama is not liable to be sued in a county in the state where it does not do business. Now, if the court puts that limitation upon the county in the state in which a foreign corporation may be sued, it certainly does no violence to the language of the Constitution to say that it never meant to permit suit against a foreign corporation in the courts in this state on a cause of action which arose outside the state. I find no conflict between the Sullivan Case and the Dozier Case.

What was said in the Sullivan Case as to the liability of foreign corporations to suit in the courts of Alabama might well have been quoted from St. Clair v. Cox, 106 U. S. 355, 1 Sup. Ct. 359, 27 L. Ed. 222, where that court was discussing the advancement of the rights of foreign corporations doing business in a state other than that of their origin. The court said:

"As it was protected by the laws of those states, allowed to carry on its business within their borders, and to sue in their courts, it seemed only right that it should be held responsible in those courts to obligations and liabilities there incurred."

Again on page 356 of 106 U. S., on page 360 of 1 Sup. Ct. (27 L. Ed. 222):

"The state may therefore impose, as a condition upon which a foreign corporation shall be permitted to do business within her limits, that it shall stipulate that in any litigation *arising out of its transactions in the state* it will accept as sufficient the service of process on its agents or persons specially designated, and the condition would be eminently fit and just. And such condition and stipulation may be implied as well as expressed. If a state permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business *there done*, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the state are to be deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process." (Italics mine.)

I can find nothing which is inconsistent with the rulings in the uniform line of authorities in Alabama that a state court has no jurisdiction of a suit against a foreign corporation on a cause of action which arose outside the state.

The demurrers will therefore be overruled.