47 So.2d 249

**Ex parte STATE ex rel. SOUTHERN RY. CO.**

6 Div. 968.

Supreme Court of Alabama.
June 22, 1950.

Benners, Burr, Stokely & McKamy, of Birmingham, for petitioner.

Cabaniss & Johnston, of Birmingham, amicus curiae in support of the petition.

Jackson, Rives & Pettus, of Birmingham, for respondent.

SIMPSON, Justice.

This is an original petition for mandamus to require the Honorable J. Russell McElroy, Judge of the Circuit Court of the Tenth Judicial Circuit, to exercise discretion upon a motion to decline jurisdiction of, and to dismiss without prejudice, a suit under the doctrine of *forum non conveniens*.

The complaint, stating a cause of action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was filed in the circuit court of Jefferson County, Alabama, by E. V. Barrett, a resident of the State of Georgia, against the Southern Railway Company, a corporation organized under the laws of the State of Virginia, to recover damages for personal injuries sustained by plaintiff, in the course of his employment, as the result of an accident occurring in the State of Georgia.

In due course the defendant below, petitioner here, presented to the respondent a motion alleging, *inter alia,* that there were courts, both federal and state, in the state of plaintiff's residence, located near the scene of the alleged accident and near the home of the plaintiff, having jurisdiction of the action and available to plaintiff; that defendant operated a line of railroad in the State of Georgia, was subject to process issued out of the courts of that state, and owned property therein subject to execution and sale under any judgment obtained against it in any court in said state, based upon the cause of action in question; that none of the material witnesses in the case are residents of Alabama or subject to process issued out of the circuit court of Jefferson County, Alabama, to compel their attendance upon said court; that defendant would be at a disadvantage if compelled to try the case upon depositions of witnesses who might not consent to appear as witnesses in said Alabama court; that trouble, loss of time, and expense incident to trial of the case in the Alabama court would be much greater than would be involved in the trial of the case in a court in the State of Georgia; that the trial of the case in the circuit court of Jefferson County would result in an unnecessary burden and expense to that court, to the detriment of resident litigants and to Jefferson County; and that the only persons involved in said case who reside in this state are the attorneys for plaintiff.

The respondent judge reached and stated the conclusion that "the court must exer-

cise jurisdiction in the instant case, and that the court does not have the discretion to grant the motion, even if all of the facts stated in the motion are true, and even though there be no other facts which would overbear the facts stated in the motion. In other words, the court respectfully declines to enter upon a consideration of whether or not it should exercise its discretion to dismiss the action, because the court considers that the statute does not permit the exercise of any such discretion."

The statute is as follows: "Whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforcible in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state." Code 1940, Title 7, § 97.

It is not questioned that the defendant, petitioner, is engaged in business in Jefferson County, Alabama, and suable therein.

We have been favored with excellent briefs by counsel for the opposing parties, and we have given them careful and attentive consideration. Petitioner takes the position that the respondent erred in declining to exercise a discretion and to enter upon a consideration of its motion on the merits thereof; and in support of that position argues (1) that the statute is permissive and directory rather than mandatory; (2) that the doctrine of *forum non conveniens* is one founded upon the common law and, Alabama being a common-law state, that the doctrine may be applied in this state; and (3) that such doctrine is applicable to the specific case presented notwithstanding it is based upon a federal enactment, viz., the Federal Employers' Liability Act.

■ We turn then first to a consideration of the above-quoted statute and in doing so must be guided by the well recognized canon of construction that where there is nothing to indicate the contrary, words in a statute will be given the meaning which is generally accepted in popular, everyday usage. Ex parte Pepper, 185 Ala. 284, 64 So. 112; Hamilton v. City of Anniston, 248 Ala. 396, 27 So.2d 857; State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824; Pullman-Standard Car Mfg. Co. v. State, 253 Ala. 638, 46 A.2d 500.

■ In the light of this generally accepted rule of construction, we are constrained to conclude, as did the respondent circuit judge, that the question at bar is foreclosed by the statute itself. The language is plain and unambiguous and there is no field to bring into play any other rule of interpretation. In effect it grants to a non-resident plaintiff the right to enforce an action arising in another state, against any person or corporation, in the courts of this state, the single qualification being that it be brought in a county where jurisdiction of defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state. The wording is that the "cause of action *shall* be enforcible in the courts of this state," and to read into the statute the vesting of a judicial discretion to accept or decline jurisdiction would do violence to the language employed.

No case has been called to our attention, and we have found none, which involved the specific question whether said statute is mandatory or permissive, nor do we find any case from this court recognizing or in any wise considering the doctrine of *forum non conveniens*. The nearest approach to the specific question is to be found in the case of Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119, 122, dealing with Acts, Special Session 1907, page 67, the progenitor of § 97, Title 7 of the Code of 1940. It was there said of that statute: "Why the Legislature desired to burden the courts of this state with settling controversies between outsiders and which arose in other states is difficult to appreciate, but is, of course, a question of legislative policy with which the courts must not be concerned." Thus, this court then regarded the statutory provision as a matter of legislative policy, vesting no discretion in the courts;

and to this view we still adhere. The inevitable consequences of the trial in Alabama courts of "controversies between outsiders and which arose in other states" are added burdens upon the courts, added expense and inconvenience. That fact the legislature must have had in mind when enacting the statute; certainly subsequent legislatures have had reason and opportunity to give it consideration. Significantly, we think, the statute has remained unchanged over a long period of years.

There being no field of operation for judicial discretion, there could, of necessity, be no basis for application of the doctrine of *forum non conveniens* in any case which might arise under the statute. It follows, therefore, that we leave to one side the question whether that doctrine may or may not be applied as a common law principle or in a case under the Federal Employers' Liability Act in the light of the decisions of the Supreme Court of the United States. Reference, however, may be had to McKnett v. St. Louis & S. F. Ry. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227, reversing 227 Ala. 349, 149 So. 822, as indicating the opinion of the federal court on the question at that time.

It results as our conclusion that the respondent properly declined to entertain petitioner's motion. The writ of mandamus is, therefore, denied.

Mandamus denied.

BROWN, FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.