99 So.2d 118

### Ex parte SOUTHERN BELL TEL. & TEL. CO.

**7 Div. 314.**

Supreme Court of Alabama.

June 20, 1957.

Rehearing Denied March 6, 1958.

140

Hawkins & Rhea, Gadsden, for respondent.

Lange, Simpson, Robinson & Somerville, Birmingham, Hood, Inzer, Martin & Suttle, Gadsden, Steiner, Crum & Baker, Montgomery, for petitioners.

STAKELY, Justice.

This is an original petition for mandamus seeking to review an order of the Hon. A. B. Cunningham, Judge of the Sixteenth Judicial Circuit, overruling the petitioner's motion to dismiss or to transfer a cause from Etowah County to Montgomery County under the common law doctrine of forum non conveniens.

The status of the proceedings, insofar as here pertinent, is as follows. A suit for malicious prosecution was filed in the Circuit Court of Etowah County by Clarence B. Hardy against the Southern Bell Telephone and Telegraph Company, a corporation, and John N. Relfe based on an incident which is alleged to have occurred at Montgomery, Montgomery County, Alabama. From the pleadings, it appears that both the plaintiff, Clarence B. Hardy, and the defendant, John N. Relfe, are residents of Montgomery County. The co-defendant, the Southern Bell Telephone and Telegraph Company, is a foreign corporation qualified to do business in Alabama and was doing business by agent in Etowah County and in Montgomery County at the time the present cause of action allegedly arose and at the time the plaintiff's suit for malicious prosecution was instituted. Personal service was had on the defendant, the Southern Bell Telephone and Telegraph Company, in Etowah County and the co-defendant, Relfe, was served by means of a branch summons in accordance with the provisions of Code of 1940, Title 7, § 185.

Each defendant filed a plea in abatement attacking the venue of the Circuit Court of Etowah County. The plaintiff's demurrers to the pleas were sustained. The defendants then filed a motion to dismiss or to transfer the case to Montgomery County under the doctrine of forum non conveniens and the applicable Alabama statutes and constitutional provisions.

In support of the motion the following factors in substance were alleged. All acts and incidents directly or indirectly relating to the suit instituted by the plaintiff occurred in the City of Montgomery or in Montgomery County. Both the plaintiff and the defendant, Relfe, reside in Montgomery County and the co-defendant, the Southern Bell Telephone and Telegraph Company, is and was doing business in said county at the time the alleged cause of action arose. In order to have the trial in Gadsden, Etowah County, Alabama, it would be necessary to transport numerous witnesses of the defendants from Montgomery County to Etowah County, a distance of 118 miles, and maintained thereat during the time of the trial at great expense to the defendants. Of the above mentioned witnesses, approximately eight are employees of the defendant, the Southern Bell Telephone and Telegraph Company, and under a contract between the union (representing the employees) and the company, the company is required to pay travel expenses and full salary or wages lost by its employees as a result of attendance at the trial. This is true whether said employees be witnesses for the defendant or for the plaintiff. The expense of bringing its employee witnesses to Gadsden, Alabama, for the trial of this case would in the opinion of the defendants cost approximately $3,000 more than if the trial was held at Montgomery, Alabama.

The motion further alleges that "The defendants will probably have as witnesses William F. Thetford, Circuit Solicitor; Honorable Alex Marks, Judge of the Court of Common Pleas; Mac Sim Butler, Sheriff; E. V. Lacy, Lt., Police Department; R. D. Moody, Policeman; Van Pruitt, Assistant State Toxicologist, all being public officials and employees at Montgomery, Alabama. It is estimated

that, if said witnesses are required to attend the trial of this case in this court, it will require, at a minimum, 3 additional days which said officials would be absent from the performance of their usual duties in excess of what they would be required to lose if they attended the trial of a case based on the same cause of action at Montgomery, Alabama. The plaintiff will not be prejudiced by the dismissal of this case, without prejudice to him, * * * inasmuch as there still remains ample time, under the one year statute of limitations, of the State of Alabama, within which he might file another suit in a more convenient and proper forum. The defendants offer to pay the costs incurred to date by all parties in this court, should the court dismiss this cause."

In an order denying the motion in question, the trial court stated: "* * * the Court finds that the defendants, separately and severally, have by legal evidence established the truth of the material allegations of said motion; however, after an investigation of the law, the Court is of the opinion that the common law doctrine or principle of forum non conveniens is not recognized in Alabama * * *."

The defendants then subsequently filed a petition for mandamus in the Supreme Court. On the same day a rule nisi was issued by this Court staying the proceedings in the lower court pending the hearing of the petition. Submission was had on the petition and the answer of the respondent.

I. The petitioner in effect advocates that where a suit is brought against a foreign corporation under the provisions of § 232 of the Constitution of 1901, the trial court upon proper motion may in its discretion dismiss or transfer the cause on the grounds that dismissal or transfer will promote the convenience of witnesses, lessen the expenses of trial and relieve the court of an unnecessary burden. If, at common law, a suit involving a domestic cause of action between residents could be dismissed or transferred to a more con-

venient place of trial within the state on the basis of the grounds set out above, we believe that such action on the part of the trial court is now precluded by the provisions of § 232 of the Constitution of 1901, which provides that a foreign corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state.

To this Court, it is self-evident that inconvenience to witnesses and increased expenses of trial are a necessary result of permitting a foreign corporation to be sued in any county where it does business. Such consequences are inevitable. Certainly, this fact was apparent to the members of the constitutional convention and to the people of this state who voted for the adoption of the constitution.

For this reason, we believe, it was not the intention of the framers of our organic law to permit this provision to be nullified by allowing the trial court to dismiss or to transfer a cause on the ground that there exists a more appropriate place of trial than the present forum. But to the contrary, the intent of the makers and adopters of the constitution was to permit the plaintiff to choose his forum without regard to inconvenience to witnesses or added expense in suits instituted against foreign corporations.

II. Looking to the official proceedings of the constitutional convention, we learn that it was argued on the floor of the convention that the provision of the section now in question was unjust in regard to foreign corporations and would result in inconvenience to witnesses and added expense to the corporation. The following argument was put by Mr. Sorrell: "* * is it right when a cause of action arises in Morgan County on the L. & N. Railroad say, that some enterprising lawyer in the City of Mobile who has a hankering, we might say, for damage suits against corporations, might secure the person who had suffered damage as his client and carry him from the county of Morgan to the county

of Mobile to bring his suit. I say, would it be justice to the railroad company, and would it be simple justice to the witnesses that are called from Morgan County to Mobile? * * * Now, I ask you, gentlemen of the Convention, the simple question if it is right to bring a suit in any County in which the corporation does business, and force a witness to go one hundred miles to testify for the plaintiff? * * * I say, Mr. President and gentlemen of the Convention, that these provisions for bringing suits are not given to oppress, and to carry men that distance to answer, when there is a tribunal wide open for them where the cause of action arose." Official Proceedings, Constitutional Convention 1901, Vol. 4, p. 4842. Although the debates of the constitutional convention are not binding on this court, they are persuasive, and the one in question is highly so. City of Montgomery v. Graham, 255 Ala. 685, 53 So.2d 363; Louisville & N. R. Co. v. State, 201 Ala. 317, 78 So. 93.

■ III. It is a general principle of law that that which is clearly implied from the express terms of a constitutional provision is as much a part thereof and is as effectual as that which is expressed. State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 37 A.L.R. 1298; 11 Am.Jur., Constitutional Law, § 56. The Court is, therefore, of the opinion that the provision of the Constitution of 1901 with which we are presently concerned does not, when taken in connection with the history under which it was framed, permit a dismissal or a transfer of a cause of action arising against a foreign corporation on the grounds of convenience of witnesses and added expense of trial. To hold otherwise would result in alteration of a constitutional provision by judicial decision. This the Court will not do. See Ex parte State ex rel. Southern Ry. Co., 254 Ala. 10, 47 So.2d 249.

■ The petitioner's motion, consequently, fails to set forth an allegation upon which a dismissal or a transfer may have

been granted by the trial court. The Court, further, is of the opinion that the venue of this action was properly laid in Etowah County under the provisions of § 232 of the Constitution of 1901 and that it was proper to serve co-defendant, John N. Relfe, by means of a branch summons issued under the provisions of Code of 1940, Title 7, § 185. See Leath v. Smith, 240 Ala. 639, 200 So. 623. Accordingly, the requested writ of mandamus must be denied and the petition dismissed.

Writ of mandamus denied. Petition dismissed.

All the Justices concur.