240 So.2d 118

**CENTRAL OF GEORGIA RAILWAY COMPANY, a Corporation**

v.

**Willis W. PHILLIPS.**

**6 Div. 504.**

Supreme Court of Alabama.

Sept. 10, 1970.

Rehearing Denied Oct. 29, 1970.

Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a judgment in favor of appellee in the amount of $60,000.00 in an action brought under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S. C.A. § 51 et seq. A motion for a new trial was overruled.

The complaint was in two counts. Count One alleged, in substance, that on April 7, 1962, the plaintiff was driving a truck owned by the defendant and was caused to become drowsy, gassed, and to go to sleep as a proximate consequence of the truck's defective condition in allowing exhaust fumes, motor fumes and gas fumes to escape into the cab of the truck. This count charged negligence on the part of the officers or agents of the defendant or a defect or insufficiency in the machinery due to the negligence of the defendant. The plaintiff alleged that he ran off the road while driving the truck on U. S. Highway 319 in Johnson County, Georgia, at a point approximately 11 miles north of Wrightsville, Georgia.

Count Two claimed negligence on the part of the defendant in failing to provide the plaintiff a reasonably safe place to work.

Defendant filed a "Motion to Dismiss," asking that the suit be dismissed by the court on the doctrine of *forum non conveniens*. This motion was subsequently amended, pointing out in more detail the reasons why the defendant felt the case should be dismissed. The presiding circuit judge entered an order on October 5, 1965, in which, after citing cases listed later in this opinion, he declined to enter upon a consideration of the issues presented by the amended motion to dismiss.

■ The main point in this appeal is raised by the first three assignments of error which charge that the court erred in overruling the motion to dismiss. That motion, based on the *forum non conveniens* doctrine, alleges that the involved accident took place in Georgia; that the plaintiff is a resident of Georgia; that the defendant is a Georgia corporation; all the witnesses reside in Georgia; that the action arises under the Federal Employers' Liability Act; that Birmingham and Alabama have no connection with the lawsuit; that the trial of the case would assist in congesting an already congested court docket; that Jefferson County is not a convenient forum in which to try the case and that the trial would be inconvenient, expensive, vexatious and oppressive to the defendant and its witnesses.

The same point presented here was raised in Ex parte State ex rel. Southern Railway Company, 254 Ala. 10, 47 So.2d 249. The court cited our statute, Tit. 7, § 97, Code 1940, which provides:

"Whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforcible in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

The court also said:

"We turn then first to a consideration of the above-quoted statute and in doing so must be guided by the well recognized canon of construction that where there is nothing to indicate the contrary, words in a statute will be given the meaning which is generally accepted in popular, everyday usage. (Citations omitted)

"In the light of this generally accepted rule of construction, we are constrained to conclude, as did the respondent circuit judge, that the question at bar is foreclosed by the statute itself. The language is plain and unambiguous and there is no field to bring into play any other rule of interpretation. In effect it grants to a non-resident plaintiff the right to enforce an action arising in another state, against any person or corporation, in the courts of this state, the single qualification being that it be brought in a county where jurisdiction of defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state. The wording is that the 'cause of action *shall* be enforcible in the courts of this state,' and to read into the statute the vesting of a judicial discretion to accept or decline jurisdiction would do violence to the language employed.

"No case has been called to our attention, and we have found none, which involved the specific question whether said statute is mandatory or permissive, nor do we find any case from this court recognizing or in any wise considering the doctrine of *forum non conveniens*. The nearest approach to the specific question is to be found in the case of Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119, 122, dealing with Acts, Special Session 1907, page 67, the progenitor of § 97, Title 7 of the Code of 1940. It was there said of that statute: 'Why the Legislature desired to burden the courts of this state

with settling controversies between outsiders and which arose in other states is difficult to appreciate, but is, of course, a question of legislative policy with which the courts must not be concerned.' Thus, this court then regarded the statutory provision as a matter of legislative policy, vesting no discretion in the courts; and to this view we still adhere. The inevitable consequences of the trial in Alabama courts of 'controversies between outsiders and which arose in other states' are added burdens upon the courts, added expense and inconvenience. That fact the legislature must have had in mind when enacting the statute; certainly subsequent legislatures have had reason and opportunity to give it consideration. Significantly, we think, the statute has remained unchanged over a long period of years.

"There being no field of operation for judicial discretion, there could, of necessity, be no basis for application of the doctrine of *forum non conveniens* in any case which might arise under the statute. * * *"

The appellant suggests that the case of State of Missouri ex rel. Southern Railway Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3, provides a platform from which our decision in Ex parte State ex rel. Southern Railway Co., 254 Ala. 10, 47 So.2d 249, should be reexamined as to whether the doctrine of *forum non conveniens* is to be recognized. The *Mayfield* case merely allows the state courts to determine whether or not the doctrine will apply in F.E.L.A. cases. The Missouri Supreme Court, after remandment in *Mayfield*, supra, also held that *forum non conveniens* would not be available in Missouri in F.E.L.A cases. State of Missouri ex rel. Southern Railway Co. v. Mayfield, 362 Mo. 101, 240 S.W.2d 106.

We are not convinced that we should, by judicial edict, change a statute which has been the law for over sixty years and has weathered attempts to modify or repeal it

in the legislature, including one proposed amendment to the Constitution (Act No. 205, Acts of Alabama 1951, Vol. 1, p. 467) which was defeated by the people in 1951.

Assignment 7 charges error in overruling appellant's objection to the following statement made by plaintiff's attorney in closing argument to the jury: "If a railroad man has got to try his case on the testimony of officials he is not going to win his case."

Some of plaintiff's witnesses testified that they had driven the truck which plaintiff was driving when he was injured, and each of them testified that fumes were present in the cab when they drove and two testified that the fumes made them drowsy. The man in charge of the diesel shop, the general foreman and a locomotive foreman testified they had driven the truck and had not noticed any fumes. These last three were evidently the "officials" at whom the statement was directed.

We think a quotation from the record will be helpful for understanding. We begin with one sentence of the argument prior to the one which brought forth the objection:

"* * * If I have to try a case like this I want to get the men that run that truck regularly, and those are the men that we brought to you here. If a railroad man has got to try his case on the testimony of officials he is not going to win the case.

"MR. SADLER: I object to that.

"THE COURT: I take it that counsel is arguing. That is a conclusion, but I will overrule. I don't say that I disapprove or approve.

"MR. SADLER: I except.

"THE COURT: The question is, does counsel have a right to express that from his conclusion or from a state of fact. It is argument and you can either accept it or reject it, whether it is logical or

not. It is made as a statement of argument."

The following statement is made in Alabama Great Southern Railroad Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619, and Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110:

"In reviewing this case we do so with the thought that both counsel for the plaintiff and counsel for the defendant are able attorneys each doing his best to represent his client. As was said by Justice Gardner in Arant v. State, 232 Ala. 275, 167 So. 540, 544, 'we must not lose sight of the fact that a trial is a legal battle, a combat in a sense, and not a parlor social affair.' To put it a little differently, it is expected that counsel will strike hard blows in behalf of his client but, of course, the blows must not be foul blows. Then, too, we must not lose sight of the fact that litigation is to determine the rights of the parties to the suit and that is the matter of paramount importance notwithstanding that we may disapprove of the method pursued in argument. Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714. Furthermore statements or argument of counsel which are provoked or produced by statements or arguments of opposing counsel can furnish no ground for complaint or corrective action. Tea Java Coffee Co. v. Saxon China Co., 207 Ala. 33, 91 So. 885; Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402."

In the matter of an attorney's argument, much must be left to the enlightened judgment of the trial court, with presumptions in favor of its rulings. To justify a reversal, we must conclude that substantial prejudice has resulted. Occidental Life Ins. Co. of Cal. v. Nichols, 266 Ala. 521, 97 So.2d 879.

Here, counsel was arguing that the men who drove the truck regularly were better witnesses as to fumes in the cab than the supervisory personnel who could be biased because of their positions. We perceive no prejudicial error in the trial court's ruling under the authorities cited supra.

The only other argued assignment of error, No. 9, is that the motion for a new trial was improperly overruled because the verdict was excessive, which was ground 9 of the motion.

Considering the elements of damage in the case and remembering that the authority vested in the courts to disturb the verdict of the jury on the ground of excessive damages is one which should be exercised with great caution and discretion, we are constrained to hold that the ruling of the court to set aside the verdict should be upheld. We are unable to say that the amount of the verdict is the result of passion, prejudice, partiality or corruption on the part of the jury. We do not feel authorized to set the verdict aside especially in the face of the refusal of the trial judge to do so after he heard the evidence and saw the plaintiff before him. Louisville & Nashville Railroad Co. v. Gothard, 273 Ala. 424, 142 So.2d 712; Louisville & Nashville Railroad Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Central of Georgia Railway Co. v. White, 175 Ala. 60, 56 So. 574.

No reversible error has been presented.

This case was originally assigned to another member of the court and was recently reassigned to the author of this opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.