266 So.2d 794

**FREEMAN FUNERAL HOME, INCORPORATED**

v.

**DIAMOND S. CONSTRUCTORS, INCORPORATED.**

**I Div. 75.**

Court of Civil Appeals of Alabama.

Sept. 13, 1972.

586

Edward P. Turner, Jr., Chatom, for appellant.

Dennis Porter, Chatom, for appellee.

WRIGHT, Presiding Judge.

Suit was filed by appellant in the Circuit Court of Washington County, Alabama, against appellee corporation. The action was ex contractu claiming sums due on August 10, 1968. Service was by the Sheriff of Montgomery County, Alabama, upon a statutory agent of appellee, designated under Title 7, Section 192 Code of Alabama 1940, and as required for the doing of business by a foreign corporation in this State by Article 12, Section 232, Constitution of 1901.

To the suit, appellee filed a plea in abatement averring that it was a foreign corporation and had never done business in Washington County by agent or otherwise, nor was it doing business in Alabama or Washington County at the time the suit was filed. Issue was joined on the plea.

At the hearing on the plea it was stipulated that appellee was a foreign corporation, organized and existing in the state of Texas, but had qualified to do business in Alabama and had appointed a statutory agent for service of process in this state.

The deposition of the president of appellee was introduced and was in substance as follows. That appellee was a Texas corporation which had qualified to do business on July 10, 1967 as a general contractor. That qualifying had been with the Alabama Licensing Board and a statutory agent for service of process had been appointed in Montgomery County, Alabama; that the corporation had built portions of two pipelines in Alabama prior to August of 1968, none of which had been in Washington County, Alabama; qualification as a general contractor in Alabama had not been withdrawn nor had the appointment of the agent for process been cancelled.

Upon submission on the plea in abatement, judgment was entered sustaining the plea and dismissing the case out of court.

Appellant charges error in the judgment on two points. It says first that the trial court was in error in finding that it had no jurisdiction either of the cause of action or of the defendant corporation. Secondly, it contends that if the court had jurisdiction of the cause of action and of the defendant, but venue was improper, it erred in dismissing the case out of court rather than transferring it to another court of proper venue under the provisions of Title 7, Section 64(1) of the Code.

It is the premise of appellant that the cause of action being one on a contract is a transitory cause of action and if personal service was had upon the defendant the Circuit Court of Washington County had jurisdiction and could proceed to judgment. Appellant contends Title 7, Section 97, Alabama Code applies. Title 7, Section 97 is as follows:

"Whenever, either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforcible in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

It is conceded in brief, though not clear in the pleadings, that the cause of action did not arise in this state, nor did it arise as a result of appellee doing business in this state. In spite of this concession, appellant's position is that because service was had upon a statutory agent in Alabama there was personal service upon appellee by which the courts of this state obtained jurisdiction. This position cannot be maintained in the face of decisions of the Alabama courts and of the Supreme Court of the United States.

The service obtained by appellant and which it states to be personal service upon a foreign corporation, was upon the statutory agent required by Section 232 of the Alabama Constitution and designated

by appellee in accordance with Title 7, Section 192. Such agent was appointed as a prerequisite of appellee doing business in this state. This statutory requirement was enacted to protect the citizens of the state as to causes of action arising within the state and resulting from the doing of business by foreign corporations in this state. When appellee complied with the statute, it impliedly submitted itself to the jurisdiction of the courts of this state upon the service of process upon its designated agent. In effect, it admitted doing business in the place designated and assented to being sued in the courts of the place designated upon service of process upon the agent designated. "This implied assent, however, is confined to transactions or causes of action arising in this state and not those arising in other states." Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119.

In other words, a statutory agent may be served with process only in cases where the cause of action arose in this state. He was only appointed for this purpose. His agency for the corporation is limited to such cases.

It was held in Parker v. Central of Georgia Ry. Co., 233 Ala. 149, 170 So. 333, citing Central R. & Banking Co. v. Carr, 76 Ala. 388, the designation of the agent by the corporation only admitted its presence and his authority in respect to suits arising in this state and the authority of the agent did not by such designation alone otherwise extend.

It was held in Old Wayne Mutual Life Assoc. v. McDonough, 204 U.S. 8, 22, 27 S.Ct. 236, 51 L.Ed. 345, 351, that the statutory consent of a foreign corporation to be sued as a prerequisite to doing business in a state does not extend to causes of action arising in other states. Any statute or holding to the contrary would be in violation of the due process clause of the 14th

Amendment of the United States Constitution. This holding was discussed and approved in Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492. Both of these cases were discussed and cited in Jefferson Island Salt Co. v. Longyear, supra, and in Parker v. Central of Ga. Ry. Co., supra.

The meaning and effect of Title 7, Section 192 was discussed by the Court of Appeals, Fifth Circuit, in the case of Smith v. Hydro Gas Co. of West Florida, 5 Cir., 157 F.2d 809. It was there stated: "The above statute evidently refers to causes of action that arose while the corporation was doing business in Alabama. It was not intended to subject a foreign corporation that had ceased doing business in the state to suits in the courts of Alabama on causes of action thereafter arising in another state."

■ With the cited authorities before us we must hold that the service upon a statutory agent appointed by a foreign corporation as a prerequisite to the doing of business in Alabama, and limited to that purpose, does not constitute personal service upon such corporation, when such corporation is not in fact doing business in this state at the time the cause of action is filed, and when such cause of action did not arise in this state. There is no jurisdiction in any court of Alabama over the corporation and no judgment in personam may be rendered. The trial court did not err in sustaining the plea in abatement.

It must necessarily follow that if there was no jurisdiction in any Alabama court, neither could there be error in dismissing the case out of court. The judgment below is

Affirmed.

BRADLEY and HOLMES, JJ., concur.