537 So.2d 904 (1988)
Thomas W. VANDERGRIFF
v.
SOUTHERN RAILWAY COMPANY and Norfolk Southern Corporation.
87-163.
Supreme Court of Alabama.
September 23, 1988.
Rehearing Denied December 16, 1988.
Courtney B. Adams of Burge & Wettermark, Birmingham, for appellant.
Charles E. Sharp and Joel A. Williams of Sadler, Sullivan, Sharp & Stutts, Birmingham, for appellees.
Michael D. Waters and Martin E. Roberts of Miller, Hamilton, Snider & Odom, Montgomery, for amicus curiae Alabama Civ. Justice Reform Committee.
Walter R. Byars and William A. Shashy of Steiner, Crum & Baker, Montgomery, for amicus curiae CSX Transp., Inc.
PER CURIAM.
Plaintiff, Thomas W. Vandergriff, appeals from a dismissal in favor of Southern Railway Company based on the doctrine of forum non conveniens, pursuant to Ala. Code 1975, § 6-5-430.
On August 2, 1984, Vandergriff, who is a Virginia resident, was injured while working for Southern Railway in Kent Junction, Virginia. He sued in Jefferson County, Alabama. Southern Railway, which is a *905 foreign corporation doing business in Alabama, made a motion to dismiss for forum non conveniens, which was granted by the circuit judge.
This case is due to be, and it is hereby, reversed, on the authority of Ex parte Illinois Central Gulf R.R., 537 So.2d 899 (Ala.1988).
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I dissent because I do not believe that § 232 of the Alabama Constitution of 1901 prohibits the amendment of Code 1975, § 6-5-430, that adopts the doctrine of forum non conveniens. It is important to distinguish between intrastate transfer and interstate change of forum when the original forum is found to be inconvenient. In addition, it is important to examine the interplay between subject matter jurisdiction and personal jurisdiction and between § 6-5-430 and § 232.
Forum non conveniens refers to the doctrine by which courts decline to exercise jurisdiction over causes of action that arise elsewhere and dismiss the action. Black's Law Dictionary, p. 589 (5th ed. 1979), Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Section 6-5-430, in fact, speaks in terms of accepting or declining jurisdiction after evaluating whether the forum is convenient. A closely related concept is the doctrine of change of venue for the convenience of the parties, witnesses, etc., which concerns moving cases within different courts of the same sovereign. See Code 1975, § 6-3-21.1, which now sanctions this practice in Alabama.
Courts at common law inherently had the power to decline to exercise jurisdiction. The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Col.L.Rev. 1 (1929), Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Before § 6-5-430 was amended, this statute, while recognizing the power of the courts to entertain cases arising under foreign law, also prohibited the courts from exercising their inherent right to apply the doctrine of forum non conveniens. Ex parte State ex rel. Southern Ry., 254 Ala. 10, 47 So.2d 249 (1950). The 1987 amendment merely reestablishes the power of the court to decline to exercise jurisdiction.
The dichotomy exists in the federal system. Transfers of cases between federal courts because of inconvenience are governed by 28 U.S.C. § 1404(a). The doctrine of forum non conveniens deals with dismissal, where the court declines to exercise jurisdiction because the forum is not the most convenient place to hear the case. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Interestingly, Gilbert involved an attempt to have an action filed in federal court in New York dismissed because the defendant claimed the appropriate place for trial was a federal court in Virginia. Gilbert was decided before § 1404(a) was enacted and today "forum non conveniens" is usually associated with a change of venue to courts of another sovereign.
"Jurisdiction of the subject matter is the power to hear and determine the case and the question involved." 21 C.J.S. Courts, § 23 (1940). Personal jurisdiction is "[t]he power of a court over the person of a defendant." Black's Law Dictionary, p. 1030 (5th ed. 1979). The term "jurisdiction" is often used loosely and without reference to whether the speaker is discussing subject matter jurisdiction or personal jurisdiction. The language in cases such as Central R.R. & Banking Co. v. Carr, 76 Ala. 388 (1884); Iron Age Publishing Co. v. Western Union Telegraph Co., 83 Ala. 498, 3 So. 449 (1887); Alabama Great Southern R.R. v. Chumley, 92 Ala. 317, 9 So. 286 (1890); and Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 So. 697 (1898), represents this unrestricted use of the term. The confusion this generates is illustrated by the fact that the majority opinion in the companion case, Ex parte Illinois Central Gulf R.R., 537 So.2d 899 *906 (Ala.1988), concludes that those cases address personal jurisdiction and Justice Houston's dissent in this case concludes that they address subject matter jurisdiction.
I think the majority in Ex parte Illinois Gulf Central R.R. is correct in concluding that those cases dealt with lack of personal jurisdiction over foreign corporations.[1] Circuit courts are courts of general jurisdiction, Ala. Const. of 1901, Amendment 328, § 6.04(b), and have exclusive jurisdiction in civil cases where the amount in controversy is greater than $5,000. Code 1975, § 12-11-30(1). "An action for tort is as a rule transitory and may be entertained wherever jurisdiction of the parties can be obtained." 21 C.J.S. Courts, § 42 (1940). In my opinion, circuit courts in this state had subject matter jurisdiction over foreign causes of action by virtue of Amendment 328, § 6.04 (and its predecessor, § 143) of the Constitution. The original § 6-5-430 merely codified the otherwise inherent power of the circuit court to exercise subject matter jurisdiction over such cases by recognizing that circuit courts have authority to hear and determine suits involving foreign causes of action[2]. The only limitation on the ability of the circuit court to entertain such suits was the necessity that the court obtain personal jurisdiction over the defendant foreign corporation.
There is language in Jefferson Island Salt Co. v. E.J. Longyear Co., 210 Ala. 352, 98 So. 119 (1923), that can be construed to mean that § 6-5-430 and its predecessor created personal jurisdiction over foreign corporations. In that case, the statute requiring designation of an authorized agent, Code 1907, § 3642, was construed to mean that a foreign corporation "impliedly submitted itself to the jurisdiction of the courts of this state ... upon all causes of action arising in this state." 210 Ala. at 355, 98 So. at 122. That case held that the predecessor to § 6-5-430 eliminated the distinction between situations where the cause of action arose within the state and those where it arose elsewhere, so that personal jurisdiction would exist in either situation. However, it must be noted that Code 1907, § 3642, not § 6-5-430 was the statute that created the implied consent to be sued. Sections 10-2A-226 through 237 are the successors to § 3642. Therefore, §§ 10-2A-226 through 237, which are, in part, codifications of the requirements of § 232 are the source of the implied consent to submit to the jurisdiction of the courts. It is also important to note that § 6-5-430 is not directed solely to suits against foreign corporations, but to suits arising elsewhere against any person or corporation. While the enactment of § 6-5-430 may have led to a reinterpretation of the foreign corporation qualification statutes so that qualified foreign corporations are now deemed to consent to personal jurisdiction in suits arising under foreign law, it is incorrect to say that § 6-5-430 is the source of personal jurisdiction over foreign corporations. I believe that § 6-5-430 does not create personal jurisdiction over foreign corporations, because other statutes are the source of the implied consent to jurisdiction and because, by its very terms, § 6-5-430 recognizes that courts can entertain such actions if "jurisdiction of the defendant can be legally obtained." In other words, the statute is effective only if personal jurisdiction can otherwise be obtained.
As the majority in Ex parte Illinois Gulf Central R.R. correctly points out, § 232 has been interpreted to govern both personal jurisdiction and venue of actions that are heard by courts in this state. City *907 Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45 (1971). However, § 232 has never been held to have a field of operation with respect to courts exercising their subject matter jurisdiction; § 6-5-430 has always been asserted as the source of the bar to declining to exercise that subject matter jurisdiction. Section 232 is self-executing, mandatory, and restrictive, Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940), but only with respect to personal jurisdiction and venue of actions that are heard by courts of this state. Section 6-3-21.1 clearly deals with intrastate changes of venue, and it is clear that in light of cases such as Ex parte Hawkins, 497 So.2d 825 (Ala.1986), the provisions of § 6-3-21.1 could not be applied to foreign corporations until § 232 was amended. However, I find nothing in the language of § 232 that compels courts of this state to exercise subject matter jurisdiction over foreign causes of action against foreign corporations. Section 232 provides that courts of this state do have personal jurisdiction of foreign corporations that are qualified in this state if they are properly served. In addition, it provides for the county of this state in which the case will be heard, if it is heard in this state, but I find nothing that mandates that the case be heard in this state. Therefore, it is my opinion that § 6-5-430, as amended, does apply in this case.
STEAGALL, J., concurs.
HOUSTON, Justice (dissenting).
Vandergriff filed suit in Jefferson County, Alabama, on July 29, 1987, after Ala. Acts 1987, No. 87-182 (amending Ala.Code 1975, § 6-5-430) became law. Vandergriff, who is a Virginia resident, was injured in Kent Junction, Virginia, while working for Southern Railroad, a foreign corporation that does business in Alabama. Vandergriff's cause of action accrued on August 2, 1984 (before the amended Code section became law). To me, the issue is, was the presiding judge of the Jefferson Circuit Court correct when he held that Ala.Code 1975, § 6-5-430, as amended, applies to suits filed after June 11, 1987, even though the cause of action arose prior to that date? To me, the answer is much simpler than it is to some of my colleagues. Since the act provided that it became effective immediately upon its passage and approval by the Governor, I am of the opinion that the trial court was correct, and I would affirm.
Section 232 "was taken literally from section 4 of article 14 of the Constitution of 1875." Southern Ry. v. Goggins, 198 Ala. 642, 645, 73 So. 958, 959 (1916). During the time that section 4 of article 14 of the Constitution of 1875 was in effect, this Court consistently held that Alabama courts had no subject matter jurisdiction over actions arising out of causes of action that accrued in other states, even where the suit was against a foreign corporation. Central R.R. & Banking Co. v. Carr, 76 Ala. 388 (1884); Iron Age Publishing Co. v. Western Union Tel. Co., 83 Ala. 498, 3 So. 449 (1887); Alabama Great Southern R.R. v. Chumley, 92 Ala. 317, 9 So. 286 (1891); Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 So. 697 (1899).
If the predecessor of § 232 had conferred subject matter jurisdiction of foreign causes of action against foreign corporations, the Court would have held that Alabama courts were constitutionally compelled to accept these cases, where the defendant was a foreign corporation, rather than consistently holding (prior to the adoption of the predecessor of Ala.Code 1975, § 6-5-430) that Alabama courts lacked subject matter jurisdiction and could not accept such causes of action.
The Court's holding in Carr and other like cases was brought to the attention of, and addressed by, the 1901 Constitutional Convention. Delegate Frank S. White of Jefferson County, in recognition of these holdings, declared "... I will state that it is a fact now, that a foreign corporation doing business in Alabama cannot be sued by a citizen of Alabama if the cause of action arose out of the State of Alabama." White offered an amendment that would have permitted resident citizens of Alabama to sue in the courts of this state "whether the cause of action sued on arose in this state or beyond the limits thereof." (Official *908 Proceedings of the Constitutional Convention of 1901, Volume IV, at 4840.)
There is no recorded opposition to White's assertion in open debate, that, under consistent precedents of the Alabama Supreme Court, the existing and proposed constitutional provisions did not permit actions in Alabama courts against foreign corporations for causes of action that arose outside the state, even by resident citizens of Alabama.
Despite the prior decisions of the Court and White's declaration of the existing Alabama law before the Constitutional Convention, § 232 was adopted without alteration from section 4, of article 14 of the Constitution of 1875.
Although the debates of the constitutional convention are not binding on this Court, they are highly persuasive. Ex parte Southern Bell Tel. & Tel. Co., 267 Ala. 139, 99 So.2d 118 (1957); City of Montgomery v. Graham, 255 Ala. 685, 53 So.2d 363 (1951); Louisville & N.R.R. v. State, 201 Ala. 317, 78 So. 93 (1918).
The Court in Ex parte Western Union Tel. Co., 200 Ala. 496, 497, 76 So. 438, 439 (1917), wrote:
"The constitutional provision in question (Const. 1901, § 232) appeared in the Constitution of 1875 in practically, if not literally, the same language; and, as a part of that Constitution, was repeatedly construed by this court. It was therefore readopted with such judicial construction." (Emphasis added.)
See, also, General Motors Acceptance Corp. v. Home Loan & Finance Co., 218 Ala. 681, 683, 120 So. 165, 166 (1928) (on rehearing).
In an action that was commenced in 1903 (two years after the 1901 Constitution), Dozier Lumber Co. v. Smith-Isburg Lumber Co., 145 Ala. 317, 39 So. 714 (1905), the Court held that Alabama courts were without subject matter jurisdiction over causes of action arising outside the state. In that case, both the plaintiff and the defendant were foreign corporations and the cause of action accrued outside Alabama.
In 1907, six years after the 1901 Constitution was in place, the predecessor to § 6-5-430 was adopted by the Alabama legislature. It read as follows:
"Whenever, either by common law or the statutes of another state, a claim, either upon contract or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state."
In Southern Ry. v. Jordan, 192 Ala. 528, 529, 68 So. 418, 419 (1915), the Court recognized:
"Before the approval of [the act now codified at § 6-5-430] a foreign corporation could not be sued in this state `upon a contract, or in tort,' for an injury done in another state. Dozier Lumber Co. v. Smith-Isb. Lumber Co., 145 Ala. 317, 39 South. 714....
"The rule declared in the several authorities collected in Dozier Lumber Co. v. Smith-I. Lumber Co., supra, that a foreign corporation cannot be sued in this state for damages resulting from an injury done in another state, has been changed by subsequent statutory enactment." (Emphasis supplied.)
In Jefferson Island Salt Co. v. E.J. Longyear Co., 210 Ala. 352, 355, 98 So. 119, 122 (1923), the Court reiterated:
"Prior to the act of 1907, the courts of this state had no jurisdiction to try causes between foreign corporations where the cause of action arose outside of the state.... Hence the Legislature, Special Session 1907, page 67, enacted [Act No. 47, now Section 6-5-430]."
The Court further observed, in construing the effect of § 6-5-430 and § 232 as implemented by statute:
"Why the Legislature [by enacting § 6-5-430] desired to burden the courts of this state with settling controversies between outsiders and which arose in other states is difficult to appreciate, but is, of course, a question of legislative *909 policy with which the courts must not be concerned.... As above stated, the statutory designation [pursuant to § 232] by this defendant of its agent and upon whom process could be served applies to causes of action arising in Alabama and not elsewhere and could not apply to the case in hand. Simon v. Sou. R.R., 236 U.S. 115, 35 Sup.Ct. 255, 59 L.Ed. 492." [(1915)] (Emphasis added.)
210 Ala. at 355, 98 So. at 122.
The United States Supreme Court, in McKnett v. St. Louis & San Francisco Ry., 292 U.S. 230, 231, 54 S.Ct. 690, 691, 78 L.Ed. 1227 (1934), stated:
"But prior to the Act of 1907, it had been consistently held, under the rule established by Central Railroad & Banking Co. v. Carr, 76 Ala. 388, that no Alabama court had jurisdiction of any suit against a foreign corporation unless the cause of action had arisen within the State." (Emphasis added.)
In Earles v. Germain Co., 265 F. 718 (S.D.Ala.1920), a federal district court, sitting in Alabama, applying Alabama law, analyzed Alabama case law under § 232 prior to § 6-5-430, and concluded:
"I can find nothing which is inconsistent with the rulings in the uniform line of authorities in Alabama that a state court has no jurisdiction of a suit against a foreign corporation on a cause of action which arose outside the state." (Emphasis added.)
Id. at 722.
That court, in response to the same arguments Vandergriff makes here, further observed:
"It is now urged upon me that ... the language of the Constitution is broad and unqualified, where it says that such corporation may be sued in any county where it does business, and that hence this language means it may be sued on any cause of action anywhere arising....
"It might be sufficient answer to this contention to say that, while the cases collated in the Dozier Lumber Company Case do not refer specifically to the Constitution, they all hold unanimously that under the laws of Alabama (and the Constitution certainly is the law of Alabama) a foreign corporation could not be here sued upon a cause of action arising elsewhere, and necessarily construe the language of the Constitution to mean that, when foreign corporations come to this state and comply with its laws as to doing business, they can then be sued, in any county in this state where they are doing business, only on a cause of action arising in the state. This construction necessarily follows from these decisions, and they have so put this construction upon the language used in the Constitution." (Emphasis added.)

Id. at 720.
See also, Hall v. Milligan, 221 Ala. 233, 128 So. 438 (1930); and Freeman Funeral Home, Inc. v. Diamond So. Constructors, Inc., 48 Ala.App. 585, 266 So.2d 794 (1972).
McKnett v. St. Louis & San Francisco Ry., supra; Ex parte State ex rel. Southern Ry., 254 Ala. 10, 47 So.2d 249 (1950); and Central of Georgia Ry. v. Phillips, 286 Ala. 365, 240 So.2d 118 (1970), all relied on by Vandergriff as cases upholding the subject matter jurisdiction of Alabama courts over foreign FELA causes of action, based this conclusion solely on the effect of § 6-5-430 on subject matter jurisdiction, and not on § 232 of the Constitution.
Thus, § 232 has no application to subject matter jurisdiction over claims or causes of action originating outside the State of Alabama. Without § 6-5-430, the courts of this state have no subject matter jurisdiction over suits based on foreign causes of action brought against foreign corporations (or domestic corporations or individuals), and, absent the statute, no plaintiff had a right to bring such a suit in an Alabama court. In 1907, the Alabama Legislature enacted the predecessor of § 6-5-430, thereby changing the legislative policy of this state to require Alabama courts to accept subject matter jurisdiction of foreign causes of action. In 1987, the Alabama Legislature enacted Act 87-182, thereby changing the legislative policy of this state to permit Alabama courts to accept or decline subject matter jurisdiction of foreign causes of action by applying the *910 doctrine of forum non conveniens. What the legislature can and did validly give, it can and did validly modify.
Since § 6-5-430 was amended prior to this action being filed, I am of the opinion that the trial court correctly held that the amendment applied to this action. Section 232 of the Constitution is no impediment.
MADDOX, J., concurs.
NOTES
[1] While I disagree with Justice Houston's analysis, I obviously agree with his conclusion.
[2] In Glover v. Glover, 16 Ala. 440 (1849), a foreign cause of action was involved, but the defendant was not a foreign corporation. In Glover the parties were married in and resided in Virginia until their separation. The Court first decided that the court of equity had "original jurisdiction over the subject of alimony" but that the complainant could not "maintain her bill [seeking attachment of her husband's property] in this State against her husband, who resides in the State of Tennessee." Id. at 446. Glover arguably supports the proposition that it was the residence of the defendant rather than the fact that a foreign cause of action was involved that was the basis for the holdings prior to 1907 that courts could not hear such suits.