139 So.2d 617

**ST. CLAIR COUNTY**

v.

**U. C. MARTIN et al.**

**7 Div. 445.**

Supreme Court of Alabama.

March 29, 1962.

Maurice F. Bishop, Birmingham, and Starnes & Holladay, Pell City, for appellant.

John H. Martin, Pell City, for appellees.

GOODWYN, Justice.

This is a condemnation suit brought by St. Clair County to acquire a right of way for a limited access interstate highway. The right of way consists of 42.41 acres of a 431 acre tract owned by appellees. Both the county and the property owners appealed to the circuit court from the probate court award of $7,800. In the circuit court the only issue concerned the amount of damages and compensation. The jury verdict was for $9,000, on which judgment of condemnation was duly rendered. This appeal is brought by the county from that judgment and also from the order overruling the county's motion for a new trial.

The real question argued concerns a portion of the trial court's oral charge to the jury and the refusal of appellant's requested charges with respect to the loss of access to the proposed highway being an element of damages. The same question was presented in St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683, and decided contrary to appellant's insistence.

Three of the other four points argued concern the overruling of appellant's objections to the admission of testimony. Whether there was error in any of these rulings, we find it unnecessary to decide. After an examination of the entire cause, we are not persuaded that such rulings, if error, probably injuriously affected substantial rights of appellant so as to call for a reversal. Supreme Court Rule 45, 261 Ala. XIX, XXXVII; Code 1940, Tit. 7, 1955 Cum. Pocket Part, Appendix; Code 1940, Recompiled 1958, Tit. 7, Appendix.

The fourth point charges error in overruling two of appellant's motions for mistrial based upon alleged prejudicial argument to the jury by appellees' counsel and in overruling appellant's objection to a portion of the argument. Due consideration has been given to these rulings. We are not persuaded that they furnish a basis for reversal. Much must be left, in the matter of an attorney's argument, to the enlightened judgment of the trial court, with presumptions in favor of its rulings. To justify a reversal, we must conclude that substantial prejudice has resulted. In the light of the record as a whole, we cannot say that substantial prejudice to appellant resulted from the portions of the argument objected to. Occidental Life Insurance Company of California v. Nichols, 266 Ala. 521, 530, 97 So.2d 879; Adams v. Queen Ins. Co. of America, 264 Ala. 572, 580, 88 So.2d 331; Alabama Great Southern Railroad Co. v. Gambrell, 262 Ala. 290, 295, 78 So.2d 619; Birmingham News Co. v. Payne, 230 Ala. 524, 528, 162 So. 116; Birmingham Electric Co. v. Mann, 226 Ala. 379, 381, 147 So. 165.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, J., concur.

SIMPSON, J., concurs specially.

SIMPSON, Justice (concurring specially).

As stated in the opinion, the principal question argued was decided in St. Clair

County v. Bukacek, 272 Ala. 323, 131 So. 2d 683, contrary to appellant's insistence. I am specially concurring in the opinion because of necessity. I must bow to the opinion of the majority. Nevertheless, I think the rule stated in my dissenting opinion in the Bukacek case is the better rule. See Ala.L.Rev., Vol. XIV, No. 1, Fall 1961, Case Note by Honorable William P. Jackson, Jr., p. 160.