195 So.2d 101

**LOUISVILLE & NASHVILLE RAILROAD COMPANY**

**v.**

**Andrew J. WADE.**

**I Div. 370.**

Supreme Court of Alabama.

Feb. 2, 1967.

Cunningham, Bounds & Byrd, Mobile, for appellee.

W. B. Hand, Jerry A. McDowell and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellant.

MERRILL, Justice.

Defendant below appeals from a judgment of $5,000 damages in favor of plaintiff who had brought an action under the Federal Employers' Liability Act. A motion for a new trial was overruled.

The cause was submitted to the jury on two counts. Count One alleged that the injuries resulted from the negligence of the railroad in allowing pulpwood to remain in

a walkway between tracks 16 and 17 in Sibert Yard, while plaintiff was working in the dark hours, rendering the walkway defective and allowing plaintiff to trip and fall; that plaintiff was employed as a car inspector in the yard and was required to walk the walkways after dark; that the pulpwood obstructed the walkway and his fall produced his injuries.

Count Two was based on the allegation that the railroad failed to furnish and maintain a reasonably safe place in which plaintiff was to perform his work.

The defendant pleaded the general issue and contributory negligence.

All of the argued assignments of error are based upon certain grounds of the motion for a new trial which was overruled. All but two of them charge reversible error in the conduct of counsel in the trial of the case, both as to statements made and in questioning witnesses.

Appellant argues that the court erred in overruling its motions for a mistrial in connection with statements concerning railroad "bosses" in the courtroom.

After the jury had been impaneled, counsel for defendant asked that the witness Padgett, the plaintiff's immediate supervisor, be excused from the rule as the representative of the railroad. The following transpired:

"MR. CUNNINGHAM: Judge, I understand there are two more railroad men sitting back here, Mr. Padgett's two bosses. We are going to object to them being here in the courtroom if all the other witnesses are excluded. We ask that they be put under the rule.

"THE COURT: They will not testify if they remain in the courtroom.

"MR. CUNNINGHAM: Well, we don't know whether we will * * *

"MR. BOUNDS: Yes, sir, Judge, we took depositions in the case and many of the witnesses who will testify are employees of the railroad answerable to these people and I think it puts them in an unusual situation, one that they may not be able to feel free to testify in the same manner in the presence of their bosses as they would testify with these people not here. And that's another reason why we would like to have them excluded.

"THE COURT: Well, I am not going to exclude them if they are not going to testify unless you have them subpoenaed.

"MR. CUNNINGHAM: Well, we would like to summons them. They bring their bosses down here to sit here and put these witnesses on trial.

"MR. HAND: If Your Honor please, I move for a mistrial for the very obvious reason the statement of counsel in regard to this is to prejudice the jury that the railroad * * *

"MR. CUNNINGHAM: They are here, aren't they.

"MR. HAND: Let me finish my statement. That we have brought these people down here for the purpose of intimidating him and his witnesses and I think that's an unfair inference. And I think I am entitled to have a mistrial granted at this stage of the game because of the prejudicial statements.

"THE COURT: The court has not drawn any such inference and I am instructing the jury right now that there was no inference to be drawn from that statement which would be derogatory in any way to the parties or their attorneys."

The court refused to exclude them unless they were subpoenaed and plaintiff's counsel proceeded to subpoena them. A few moments later, the following occurred:

"MR. HAND: Judge, may I inquire of Mr. Cunningham if he intends to subpoena every person who intends to come in and sit.

"MR. CUNNINGHAM: If the whole railroad comes down here we are going to put the whole railroad under subpoena. All these men are this man's bosses and all the bosses of the other men. And all these bosses who come in here and sit in here we are going to ask the court to put them under subpoena.

"MR. HAND: Again I move for a mistrial on the statement of counsel intending to imply that this is an effort to try to intimidate the witnesses."

This motion was also overruled. The court stated that there "was no inference to be drawn from that whatsoever." The trial court recognized the right of the plaintiff to subpoena witnesses and correctly overruled the motion for a mistrial.

 Much must be left, in the matter of an attorney's argument and statements, to the enlightened judgment of the trial court, with presumptions in favor of its rulings. To justify a reversal, we must conclude that substantial prejudice has resulted. In the light of the record as a whole, we cannot say that substantial prejudice to appellant resulted. St. Clair County v. Martin, 273 Ala. 302, 139 So.2d 617, and cases there cited.

In closing argument, counsel for plaintiff stated that counsel for defendant was "bugged" and indignant because plaintiff did not want the railroad "bosses" in the courtroom. He further stated:

" * * * All I know is we didn't want them in here. We haven't accused anybody of anything. But I can say this, that it is just common sense if you are working for someone and you think that you have a right to come into a court of law and make a complaint against them for something you think they did wrong and when you know your bosses don't approve it, and don't agree with you, and don't want you to, you have a right to come into a court of law and sit here and testify without all of the time looking at the gentlemen, the men who mean pro-motion to you, the men who mean whether you keep your job or not, the man who thoroughly disapproves of what you are doing."

 Counsel for defendant objected and the trial court stated to the jury that "There is no evidence whatsoever as to these gentlemen controlling his employment, or promotions." This is similar to the case of L. & N. R. Co. v. Cunningham Hardware Co., 213 Ala. 252, 104 So. 433, where argument was made that "if defendant's employees were guilty of negligence and came into court and admitted it, they would lose their jobs." While holding that the argument was improper and, standing alone, should work a reversal, but coupled with a prior explanation and the court's instruction, this court did not "find such affirmative error in the court's ruling as to warrant a reversal."

Applying the rule of St. Clair County v. Martin, 273 Ala. 302, 139 So.2d 617, we find no reversible error.

Appellant argues that reversible error was committed because counsel continually tried to show that all the walkways in the yard were littered with obstructions such as logs and stumps, when the evidence showed that plaintiff was hurt in the walkway between tracks 16 and 17. The trial court made it plain that the testimony should be limited to the area of the yard including the walkway between tracks 16 and 17, both when the objections were made and during the oral charge. There was no question but that the plaintiff tripped and fell over a pulpwood log 18 to 20 inches in diameter and about 5 feet long between the two tracks.

Defendant's witness Padgett testified on cross-examination that he was responsible for keeping the area cleaned up; that he found the piece of pulpwood between the tracks that caused the plaintiff's injuries; that he was responsible for keeping the area cleaned up but he knew at the time of the accident that pulpwood was in the walk-

ways in the area; that he had received a number of reports of obstructions in the walkways before the accident; that he removed the piece of pulpwood that caused the accident and other pulpwood the day after the accident; that railroad rules required the walkways to be kept clear to eliminate hazards; that pulpwood and other objects fell off the trains daily and that to keep the area safe he would have to clean it up daily. He testified that the walkways were not cleaned daily before or after the accident.

■ There was no error in permitting this witness to testify as to his duties in the entire area, or to the fact that the walkways were not kept clean. We cannot agree with appellant that the rule of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389 and Sars, Inc. v. Nichols, 275 Ala. 17, 151 So.2d 739, should be applied here. When the evidence of this record is considered as a whole, we fail to find prejudicial error on this phase of the trial.

■ Appellant argues that counsel for plaintiff improperly raised the question of punitive damages in his argument to the jury, when he said: "What is Andrew Wade (the plaintiff) entitled to? Should it be an amount that the railroad would gladly pay him to get rid of this thing? Should it be an amount that would say to the railroad, clean up those walkways and keep them clean from now on?" Defendant objected and the court stated that "we are not dealing with punitive damages. * * * damages by way of punishment." The court then instructed the jury that all they were concerned with was the amount of damages due the plaintiff if he was entitled to recover; and the court refused to allow plaintiff's counsel to argue the effect a verdict for plaintiff would have on the railroad. Later in its oral charge, the court again instructed the jury as to what it should consider in assessing damages.

■ Here, the trial court did all that it was requested to do. We have held that a

court which does all it is asked to do in sustaining objection to argument will not be placed in error for failing to do more, unless the argument is so grossly improper and highly prejudicial that its sinister influence cannot be destroyed by the action of the trial court. Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748. We do not think the conduct here came within the exception.

■ Appellant argues that counsel for plaintiff committed reversible error when he said in argument:

"* * * You know you can't award attorney's fees. You can't award anything in this case for the time he was off for being in court here this two days, but this figure relating to pain and discomfort is left entirely up to your discretion. So I ask you, gentlemen, when you arrive at what is fair for that figure for pain and discomfort, you consider these other things that you know as members of this society—that—things that you know are true. * * *"

Appellant objected because it was an appeal for the jury to consider attorney's fees in arriving at their verdict. The court said:

"THE COURT: Gentlemen, the court is going to instruct you right now that that is not an element of damage to be considered. And the court asks you to disregard that. What you may know is one thing but you are confined to the rules of evidence which excludes all together any consideration for any attorney's fee which may be due and owing any attorney."

We think this prompt action and instruction of the court was sufficient to eradicate the error of the improper argument, and did not cause the argument to be so prejudicial as to amount to reversible error or to be sufficient to warrant granting the motion for a new trial. Birmingham Electric Co. v. McQueen, 253 Ala. 395, 44 So.2d 598; Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714.

458

Appellant argues that the verdict was excessive because $5,000 is excessive for two fractured ribs.· Plaintiff testified to other injuries which, if believed, would not render the verdict excessive.

We think we have already shown that there was evidence to support the verdict and that the ground for the motion for a new trial that the verdict was contrary to the evidence was, and is, without merit.

Affirmed.

LIVINGSTON, C. J., and SIMPSON ·and HARWOOD, JJ., concur.