279 So.2d 488

**Dr. Ralph ADAMS and J. Roy Crow**

v.

**STATE of Alabama.**

**SC 176.**

Supreme Court of Alabama.

June 7, 1973.

Cervera & Folmar, Troy, for appellants.

E. C. Orme, Sp. Asst. Atty. Gen., Troy, for the State.

MADDOX, Justice.

The State of Alabama filed a petition in the Probate Court of Pike County to condemn lands belonging to Dr. Ralph Adams and J. Roy Crow for the purpose of widening Highway 231 in Troy.

From the judgment of condemnation and award of the probate court, both the State and the landowners took appeals to the circuit court. No issue was made as to the right of the State to condemn. The sole question was the amount of damages to be awarded.

In the circuit court, the trial was before the court and a jury. The jury returned a verdict in favor of the landowners in the sum of $18,000. Judgment was entered accordingly, and the owners' motion for a new trial was overruled. The landowners have appealed to this Court.

The condemnation proceeding was begun when the State filed in the probate court its petition for condemnation on June 5, 1970. Appellants' tract was designated therein as Tract 33 and contained 12.05 acres, more or less. On June 23, 1970, the State amended its petition for condemnation insofar as Tract 33 was concerned (there were other tracts in the same petition owned by different individuals) and designated the portions of Tract 33 owned by Adams and Crow as Parcel 1, containing 3.73 acres, more or less, and Parcel 2, containing 7.02 acres, more or less. A tract containing 1.30 acres, more or less, was described in the amended petition as Tract 33–A, and Troy Motors, Inc., was listed as the owner. In appellee's brief, and from testimony in the record, it appears that after June 5, 1970, and prior to June 23, 1970, a tract (including Tract 33–A), having 430 feet of highway frontage was sold by Adams and Crow to Troy Motors, Inc. (Robert R. Dunn). Several maps which were introduced at the trial and referred to in testimony were not certified by the clerk to this Court and are not available to us for review.

Appellants' principal argument concerns approximately 42,000 cubic yards of dirt which were removed from Tract 33 and apparently put on Tract 33–A (Troy Motors). While there was no direct testimony as to who removed the dirt from one tract to the other, counsel for the appellants, during a discourse between them and the trial judge, out of the presence of the jury, stated the following:

". . . It was Robert R. Dunn through Troy Motor Company that moved the dirt." "Sue Robert Dunn. He is the one that moved it, our folks didn't move it." ". . . It was Troy Motor Company that moved the dirt."

While these unsworn statements of counsel are not evidence [American National Bank & Trust Co. v. Long, 281 Ala. 654, 207 So.2d 129 (1968)], it is helpful to know who the appellants claim were responsible for removing the dirt. We now come to a discussion of the assignments of error.

Assignments of Error 1, 8, 9 and 13 are concerned with the removal of the approximately 42,000 cubic yards of dirt from the condemnees' tract to the tract sold by the condemnees to Troy Motors, Inc., after the *petition for condemnation* was filed.

Assignment of Error 1 claims that the Court erred in allowing the State to introduce evidence of the removal of the dirt from the condemned property to reduce the reasonable market value of the condemned tract.

We have considered the two rulings of the court which appear on the pages of the transcript specified in the assignment, and no prejudicial error is apparent. In one instance, a state's witness was asked, "Well, now was any dirt removed?" After much voir dire examination by appellants' counsel, the court stated that the witness could testify as to his *knowledge* on questions related to whether or not dirt was removed. The question was relevant on the issue of an adjustment, if any, which should be made because of the removal of dirt after the petition for condemnation was filed.

As compensation for the taking of a tract of land for public use, property owners are entitled to receive by way of damages the fair market value of the land taken, calculated as of the time of the taking. Or, where only a part of the tract is taken by condemnation, the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, giving effect to any en-

hancement in value of the part remaining if the condemnation is for a public highway. State v. Burroughs, 285 Ala. 177, 230 So.2d 235 (1970); State v. Huggins, 280 Ala. 538, 196 So.2d 387 (1967). The circumstances in a given case may dictate that adjustment be made when part of the property condemned is removed or destroyed after the date of filing of the petition if such adjustment is necessary to prevent double compensation to the landowner. State v. Huggins, 280 Ala. 538, 196 So.2d 387 (1967); Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143 (1956).

Consequently, the trial court did not err in permitting the witness to state, if he knew, whether dirt had been removed from the tract after the petition of condemnation was filed.

The only other ruling of the court occurred on an objection made during the *voir dire examination* of a state witness outside the presence of the jury. One of appellants' counsel was questioning the witness. Appellants' other counsel objected to an answer which the witness gave to his co-counsel's question. We have reviewed the record and no error appears.

■ Assignment of Error 8 is that the court erred in its ruling that it made no difference who removed the dirt from the condemned property as tending to establish damage to the petitioner. A study of the context of the court's remark on the pages of the transcript called to our attention indicates that the court's statement was made conversationally, not as a ruling, during *voir dire examination* of a witness outside the presence of the jury. Furthermore, the court inquired whether counsel wanted to explore the question being considered further on voir dire "before the Court rules . . . ." The court finally made a statement, as follows:

"THE COURT: The final decision is mine and I have been called upon to rule and I am prepared to rule if you all are ready for a ruling. The objection was made to allowing this witness to answer

questions related to whether there was or was not dirt removed. If he has knowledge of that the Court will permit him to answer such questions, which will in effect result in overruling your objection."

There is no error presented by Assignment 8.

■ Assignment of Error 9 is that the court erred in allowing State's counsel to argue to the jury that the dirt was removed by respondents. In the matter of an attorney's argument to the jury, much must be left to the enlightened judgment of the trial court, with presumptions in favor of its rulings. Central of Georgia Ry. v. Phillips, 286 Ala. 365, 240 So.2d 118 (1970); Alabama Power Co. v. Johnson, 281 Ala. 259, 201 So.2d 514 (1967). To justify reversal because of attorney's argument to jury, this Court must conclude that substantial prejudice has resulted. St. Clair County v. Martin, 273 Ala. 302, 139 So.2d 617 (1962).

■ In argument to the jury, counsel may not argue as a fact that which is not in evidence, but he may state or comment on all proper inferences from the evidence and may draw conclusions from the evidence based on his own reasoning. McLaney v. Turner, 267 Ala. 588, 104 So.2d 315 (1958). We have examined the argument objected to and we are unable to conclude that prejudicial error was committed by the court. We find that Assignment of Error 9 presents no cause for reversal.

■ Assignment of Error 13 assigns as error part of the court's oral charge regarding deduction of the value of the removed dirt. As appellants' counsel made no objection to any part of the court's oral charge, we can consider no alleged errors therein on this appeal.

Assignment of Error 11 asserts that the court erred in allowing into evidence the proceedings of the probate court because proceedings in the circuit court are de novo. This assignment of error was not

argued in appellants' brief and was thereby waived. Supreme Court Rule 9.

Assignment of Error 3 asserts that the court erred in allowing introduction of the deed conveying title to the subject property to the respondents, as evidence on the question of valuation, for the reason that the deed was too remote in time and circumstances to be comparable.

The deed to Adams and Crow was executed by their predecessors in title and recorded in October, 1967. The petition to condemn was filed in June, 1970, some two years eight months later.

 Generally, competent evidence of the price paid [1] by the owner of property sought to be condemned is admissible as tending to illustrate or as bearing probatively on its market value, unless the sale is so remote in point of time from the condemnation as to afford no fair criterion of present value, or unless it is shown that due to special considerations the sale was not at true market value. It is within the trial court's discretion to determine whether evidence of the price paid by the owner for the property sought to be condemned is too remote, and its ruling in that regard, unless plainly erroneous, is not revisable on appeal. Knabe v. State, 285 Ala. 321, 231 So.2d 887 (1970); State v. Hargrove, 282 Ala. 13, 208 So.2d 444 (1968). More particularly, this Court has held that the sale of a tract of land approximately two and one-half years prior to condemnation was not so remote in point of time as to be inadmissible on the question of value. State v. Rigas, 282 Ala. 541, 213 So.2d 386 (1968).

 It is our opinion that the trial court committed no error in allowing into evidence the deed to Crow and Adams. Assignment of Error 3 presents no cause for reversal.

Assignments of Error 6 and 7 read as follows:

"6. The Court erred in disallowing the evidence of Respondent as to what comparable property sold for. (TR 85–86; 185–190 inclusive)

"7. The Court erred in not allowing valuation evidence as to comparable property across the highway from the condemned property. (TR 185–190 inclusive)

These assignments are much too general and violate Supreme Court Rule 1, which contemplates that assignments of error shall state concisely, in writing, in what the error consists. 2A Alabama Digest, Appeal and Error, Key No. 728(1).

Assignment of Error 12 asserts that the court erred in overruling respondents' motion for a mistrial for lack of necessary parties.

Assignment of Error 12 presents no basis for review on this appeal. The only page of the record to which we are cited in this assignment contains no motion for mistrial made by appellants.

Assignment of Error 5 asserts that the court erred in allowing the cause to proceed when all necessary parties were joined therein.

Appellants' attorney, Cervera, during the trial, moved that the suit be abated until an amendment was made making Robert R. Dunn, Inc., a party to the lawsuit. The court overruled the motion.

While there is a virtual absence of evidence on this point, the following facts seem deducible from the record. Until about the time of the filing of the petition to condemn in the probate court, June 5, 1970, Adams and Crow apparently still owned all of the 52 acres they had purchased in 1967. Of this 52 acres, approxi-

---

1. We note that such price was not directly stated in the admitted deed. The only consideration stated in the deed is "One Hundred Dollars and other valuable consideration." Revenue stamps in the sum of $29.50 were affixed to the deed, however.

mately 12.05 acres, designated Tract 33, were to be condemned.

At some time, the date not appearing in the record, Adams and Crow conveyed approximately 5 of the 52 acres to Troy Motors, Inc., completely separating the remainder of their land into two tracts of approximately 10 acres and 37 acres, respectively.

Following this conveyance to Troy Motors, Inc., the 12.05 acres to be condemned was owned as follows: Two completely separate parcels located on either end of the condemned strip and consisting of approximately 3.73 and 7.02 acres, respectively, were still owned by Crow and Adams. A third parcel, located between and separating the two owned by Crow and Adams, and consisting of approximately 1.30 acres, was owned by Troy Motors, Inc.

On June 23, 1970, without any objection appearing in the record, the petition for condemnation filed in the probate court was amended to reflect the above change in ownership. Tract 33, originally owned by Crow and Adams in its entirety, was redescribed as the two separate parcels still owned by them. The parcel owned by Troy Motors, Inc., was designated as Tract 33-A and described separately.

The Probate Judge heard evidence and granted the petition for condemnation on June 25, 1970, and on August 17, 1970, he confirmed the award of the commissioners as to each tract covered in the petition. Separate awards were made to Crow and Adams, for Tract 33, and to Troy Motors, Inc., for Tract 33-A.

The record in the instant case contains a Notice of Appeal to the Circuit Court of Pike County, both by the State and by landowners Crow and Adams as to Tract 33. The record is silent as to any appeal regarding tracts owned by other individuals and condemned by the same order of the probate court.

No reason has been shown to us, and on separate study we have been able to ascer-

tain none, which would require that Troy Motors, Inc., be considered a necessary party to this suit.

We make no judgment as to whether Crow and Adams have an "interest" in Tract 33-A which would justify or necessitate their being included in proceedings regarding that tract, as the question is not before us.

It appears that Tract 33 and Tract 33-A were properly treated as distinct tracts and placed in separate paragraphs because of diverse ownership or interests. Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49 (1927), relying on the predecessors of § 3 and § 8 of Title 19, Code of 1940.

Title 7, § 239, Code of Alabama, makes amendments, within certain limitations a matter of right on the motion of any party. Although our research has revealed no previous case in which an amendment of parties has been allowed following a conveyance of title to property to be condemned, on other facts this Court has held that amendments to a petition to condemn should be freely allowed. Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964). And, the procedure here employed in amending the petition to show a change in ownership of the land *after* the petition for condemnation was filed was mentioned with apparent approval in Calhoun County v. Logan, 262 Ala. 586, 588, 80 So.2d 529 (1955).

Admittedly, no deed from Adams and Crow to Troy Motors, Inc., evidencing diverse ownership, was introduced into evidence. There is an indication in the record that at the time the original petition to condemn was filed that ownership of original Tract 33 was still in Crow and Adams. An amendment reflecting changed ownership was offered and no objection was made by appellants. Subsequently, Tracts 33 and 33-A were treated separately, and separate awards were made by the probate court. When Adams and Crow appealed to the circuit court as to Tract 33, they gave no indication that the appeal

was to cover anything except Tract 33 as described by the last amended petition. An appeal can only be considered as from the final order affecting the lands specifically described in the appeal. Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49 (1927).

Furthermore, when the motion here under consideration was made before the trial court, appellants offered no evidence to sustain their position that Troy Motors, Inc., had an interest in Tract 33 and was a necessary party.

■ In a condemnation proceeding, under Title 19, § 1, Code of Alabama, the petitioner omits any interested party at his peril. The proper course is to make a party to the proceedings any one shown by the record to have any interest in the land, or of whom petitioner has notice of a claim or interest therein. Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49 (1927).

A study of the record has revealed no evidence of any interest in Tract 33, as described in the amended petition, on the part of anyone other than Crow and Adams.

■ Even if it were argued, and we do not believe that appellants have so argued, that appellants were owners of the land in question when the original petition was filed and that, therefore, the condemnation should have been continued in their names, despite a subsequent conveyance of part of the tract to Troy Motors, Inc., we do not believe that appellants were harmed by any supposed error in allowance of the amendment making Tract 33–A a separate tract. If the defendant in a condemnation proceeding, who is the owner of the land sought to be condemned, conveys the same to another before title vests by reason of the condemnation, the purchaser obtains thereby the right to the amount of the award. Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529 (1955).

Assignment of Error 4 asserts that the court erred in allowing the cause to pro-

ceed when there were two separate parcels of property involved, rather than one contiguous parcel. On the pages of the transcript to which we are cited, we find no objection by appellants or ruling by the trial court with respect to the question whether the Crow and Adams tract should be treated as one tract with two parcels or as two separate tracts. Therefore, the assignment, besides being too general, presents nothing for our review. Supreme Court Rule 1, as amended.

Assignment of Error 2 asserts that the court erred in allowing evidence of a valuation of the dirt removed based on a multiplication of yards of material times a unit price per yard as being too remote and speculative. We set out the ruling complained of:

"Q. Mr. Porterfield, in your judgment what is the fair market price of having to replace that forty-two thousand three hundred nineteen cubic yards?

"MR. FOLMAR: We object to him leading the witness.

"THE COURT: The sole ground of your objection is leading?

"MR. FOLMAR: No sir, that is not the only ground, but that is one.

"THE COURT: As you have phrased your objection overruled."

■ Appellants' sole stated objection to the question asked witness Porterfield was that Mr. Orme was leading the witness. The court correctly overruled this objection. By stating this ground of objection to the question asked, appellants waived all other unstated grounds of objection to the question. Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641 (1964).

■ Appellants list three separate occasions where the trial court made rulings in Assignment of Error 2. Alabama follows the rule that where one assignment of error relates to two separate and specific

rulings of the trial court, the assignment of error will fail unless each ruling is erroneous. Hoefer v. Snellgrove, 288 Ala. 407, 261 So.2d 431 (1972). The ruling above alluded to was not erroneous; therefore, Assignment of Error 2 is bad in its entirety.

Assignment of Error 2 is further defective in that it is too general.

As indicated, many of the assignments of error were either too general or were not argued in brief. Act No. 964, Acts of Alabama, 1971, Regular Session, approved September 1, 1971, conferred upon the Supreme Court of Alabama broad "rule-making power." This Court has appointed an advisory committee to assist in developing, for this Court's adoption, a new system of rules of procedure on appeals to simplify appellate procedure and promote the speedy determination of appeals on the merits. This advisory committee is now working on this project. Rule 52, adopted April 23, 1973, should facilitate compliance with our Rules of Practice, in some areas, until new appellate rules are adopted by this Court. This Court must follow the interpretations made by this Court in determining compliance with the Rules of Practice until new appellate rules are forthcoming.

Before this case was submitted to this Court, appellee filed a motion for dismissal of the appeal, citing as grounds therefor that the transcript did not show the issueance or service of a citation of appeal, in compliance with Title 7, Section 801, Code of Alabama, and that citation of appeal had not been served on appellee.

After appellee filed his motion and prior to submission of this cause, citation of appeal was served on appellee. Subsequently, appellants filed a motion for writ of certiorari to perfect the record, which was granted. The citation of appeal has not been certified to this Court by the clerk of the Pike County Circuit Court as a supplement to the record.

This Court has previously held that where appellant, several weeks before the cause is ready for submission to the reviewing court, files a supplemental transcript which shows belated compliance with requirements that a citation of appeal be served and a certificate of appeal be made out and filed, alleged deficiencies do not require dismissal of the appeal. Blalock v. Johnson, 270 Ala. 654, 121 So.2d 604 (1960); Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331 (1965).

█ Therefore, because the grounds of the motion to dismiss were eliminated prior to submission, and in view of our affirmance of the judgment, the motion to dismiss is due to be overruled.

█ While we find that no error to reverse has been presented, we do note that the judgment of the trial court should be modified in one particular. The judgment describes condemnees' property (Tract 33) as it was initially described in the original petition. However, as noted previously, the State subsequently amended its description of this land, redescribing Tract 33 as Parcels 1 and 2, still owned by appellants herein, and designated as Tract 33–A the part conveyed to Troy Motors, Inc. As also noted earlier, when appellants appealed to the circuit court, it was only as to "Tract 33," which we interpret to mean Tract 33 consisting of Parcels 1 and 2, as described in the amended petition. This interpretation is in accordance with the probate court's order, which was clearly based on the descriptions in the amended petition. Careful reading of the record of proceedings in the circuit court leads only to the conclusion that the trial judge and all parties understood the proceedings to be applicable only to Parcels 1 and 2 of Tract 33, that is, to Tract 33, as amended. In light of these facts, we are of the opinion that the use in its judgment of the original petition's description of Tract 33, including Tract 33–A, which was not before the court in that proceeding, was merely an oversight by the circuit court. The court is hereby directed to amend its judgment so that the description therein is of Parcels

1 and 2 of Tract 33, as in the amended petition.

The judgment of the trial court is affirmed in all respects except that portion which incorrectly describes the property condemned. In order for the trial court to correct its judgment in this respect, the cause is remanded.

Affirmed in part; remanded with directions.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.