313 So.2d 169

**Mrs. C. E. TEELE**

v.

**Mrs. Joyce GRAVLEE.**

**SC 1078.**

Supreme Court of Alabama.

May 8, 1975.

M. Clay Alspaugh, Birmingham, for appellant.

Bert P. Taylor, Birmingham, for appellee.

MERRILL, Justice.

Plaintiff, Mrs. C. E. Teele, sued her neighbor, Mrs. Joyce Gravlee, claiming damages for personal injuries when defendant's Pontiac Tempest ran into plaintiff's house trailer. The verdict was for defendant and plaintiff's motion for new trial was overruled.

Plaintiff and defendant lived in adjoining house trailers and plaintiff's trailer was slightly downhill and fifty feet from defendant's. On July 21, 1973, defendant drove up in front of her trailer, stopped the car, turned off the motor, pulled up the emergency brake and got out of the car. Her nine-year-old daughter was still in the

car. Defendant reached to close the car door but the car had begun to move downhill. She jumped back into the car but failed to stop it before it collided with the end of plaintiff's trailer. Defendant and her daughter were not hurt. The collision made a dent on the bumper of defendant's car, a dent on the tow bar of plaintiff's trailer, and moved some of the bricks under the trailer a few inches.

Plaintiff testified that she was knocked out of bed, several dishes were broken and she began suffering back pains. The investigating officer and defendant testified that they asked plaintiff is she was injured and she answered that she was not. Defendant also talked with her on July 23 and she made no complaints. Plaintiff denied making the statements attributed to her on July 21 just after the collision.

Plaintiff makes two assignments of error and argues each of them. The first is that the court erred in overruling her motion for a new trial and the ground stated in brief "that the verdict of the jury was not sustained by the preponderance of the evidence."

■ It has long been the rule in this state that the credit and weight of the evidence is for the jury, 18A Ala.Digest, Trial ☞139(1)e.

■ Proof in a negligence action is rarely absolute. Necessarily, a jury cannot depend on the basic facts alone; inferences must be drawn therefrom. Consequently, when the proof in a negligence suit reveals such a state of facts, whether controverted or not, from which different inferences and conclusions may reasonably be drawn, then the question of liability must be left to the jury. Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776.

The following from Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797, is applicable here:

"The appellants urge in their motion for a new trial, and also here, that the jury's verdict is against the great preponderance of the evidence. A jury's verdict, which is presumed to be correct, will not be set aside unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is against the verdict, and is so decidedly so as to clearly convince the court that it is wrong and unjust. Tallapoosa River Elec. Co-op, Inc. v. Burns, 271 Ala. 435, 124 So.2d 672. The lower court's refusal to grant a new trial strengthens the presumption in favor of the verdict's correctness. Fairview Villa, Inc. v. City of Montgomery, 271 Ala. 360, 124 So.2d 67; Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441. No ground is more carefully scrutinized or rigidly limited than one charging that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Cobb v. Malone, 92 Ala. 630, 9 So. 738. We are unwilling to say that the preponderance of the evidence against the verdict's correctness is so decided as to clearly convince us that it is wrong and unjust."

■ Here, the credibility of the witnesses and the weight of the evidence was decided by the jury in favor of the defendant. In view of the verdict and the action of the trial court in overruling the motion for a new trial, we find no reversible error in the first assignment of error.

The second assignment charges that the court erred in overruling plaintiff's objection to that part of defendant's closing argument wherein counsel for defendant argued that "back injuries and lawsuits run hand in hand." Actually, the words objected to were "back injuries in lawsuits, I am afraid, run hand in hand." Defendant says that the next statement of counsel explains the comment. In briefs, counsel for both sides quote more of the argument either before or after the comment and we copy that part of the argument from the record:

"We have these facts and are concrete and certain, that this lady has never

gone to a doctor, I mean, a doctor—hospital for any sort of confinement. She went to the doctor, that she went when she had the broken toe and had the traumatic arthritis with that. She went back to him. She never went to get any physical therapy and any ultrasonic treatment, and those things were we know and back injuries in lawsuits, I am afraid, run hand in hand.

"Now—

"MR. ALSPAUGH: We object to that and move to strike and instruct the jury about it. He said—read back what he said.

"THE COURT: Well, what are you objecting to?

"MR. ALSPAUGH: Counsel commented then that back injuries and lawsuits run hand in hand.

"THE COURT: Well, I overrule the objection. But you may rely on it and give your opinion to it, also.

"MR. CONERLY: Here is what I am trying to say: I don't want to be unfair to anybody. There were x-rays made, something concrete and something that you can rely on. And those x-rays were absolutely negative for any sort of a bone injury of any kind, any sprain, dislocation or fracture, anything of that sort. There was an examination made in the doctor's office, and when this was reduced to writing by the nurse or the doctor, whoever did it, he reported it on this visit and the visits prior to August 7th, 1973, that there were no palpable muscle spasms and if anybody—we know what muscle spasm injuries are, rigidity of the muscles could be felt. That is a fact. We will know that there are—was a slight absence of any kind, that I asked him about it, bruised areas, swelling and things of that sort, no finding of that sort. All of those things you have got to look at in the light of common sense and reason and good judgment in order to reach a proper decision in the case."

In Adams v. State, 291 Ala. 224, 279 So. 2d 488, this court said:

"In argument to the jury, counsel may not argue as a fact that which is not in evidence, but he may state or comment on all proper inferences from the evidence and may draw conclusions from the evidence based on his own reasoning. McLaney v. Turner, 267 Ala. 588, 104 So.2d 315 (1958). * * *"

The following statement from Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640, has been restated in at least three subsequent cases:

"* * * The trial court was present and was an eyewitness to all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial to the defendant. Therefore the action of the trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were probably prejudicial to the defendant, either as to result or the amount of damages assessed. * * *"

And later in the opinion, this court said:

"Nor will the action of the trial court in regard to the alleged prejudicial remarks made by counsel for plaintiffs during his argument to the jury be disturbed unless we conclude from the entire record that substantial prejudice to the defendant has resulted therefrom. (Citations omitted)."

This requirement of substantial prejudice as a prerequisite to reversal on the basis of counsel's argument to the jury is stated in our recent cases of Adams v. State, 291 Ala. 224, 279 So.2d 488; Central of Georgia Ry. Co. v. Phillips, 286 Ala. 365, 240 So.2d 118; Louisville & N. R. Co. v. Wade, 280 Ala. 453, 195 So.2d 101; St. Clair County v. Martin, 273 Ala. 302, 139

So.2d 617, and Occidental Life Insurance Co. of Cal. v. Nichols, 266 Ala. 521, 97 So.2d 879.

In our opinion, counsel was not stating a fact not in evidence, but was merely commenting on a valid inference from the evidence, and drawing a conclusion from the evidence based on his own reasoning. Also, from the record as a whole, we cannot say that it affirmatively appears that the argument objected to was probably prejudicial to appellant.

Affirmed.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.