ON APPLICATION FOR REHEARING
This is an appeal by the plaintiff, Woodrow Small, from a judgment entered upon a jury verdict in favor of the defendant, Columbiana Pole Timber Company. We affirm.
The underlying facts are as follows: On 6 August 1979, Small was operating a tractor-trailer unit belonging to Southern Haulers, Inc. on Highway 25 near Wilsonville, Alabama, when he ran into the rear of a tractor-trailer unit owned by Columbiana Pole. The Columbiana Pole vehicle had stopped on the highway just prior to entering a narrow bridge in order to allow three oncoming coal trucks to pass. As a result of the collision, Small suffered extensive injuries to his right foot. He subsequently filed this action for personal injuries claiming that the negligence of Columbiana Pole and its agents caused his injuries. On 10 March *Page 1149 
1982 the jury returned a verdict in favor of defendants. A motion for new trial was filed on 5 April 1982 and denied on 19 May 1982.
Small raises two evidentiary issues:
 (1) "Whether or not illegal and prejudicial argument of the defendants' attorney pertaining to the fact that the plaintiff had been paid, under Workman's Compensation, compensation and substantial medical expense is grounds for reversal in the absence of objection by counsel."
 (2) "Whether or not the voluntary injection, at the instance of the defendants' attorney, of the fact that Columbiana Pole Timber Company had been paid for the damage suffered by its truck tractor by Small's employer is so prejudicial as to require a reversal even though Small's objection was sustained and the testimony stricken."
In support of issue one, Small asserts Columbiana Pole's attorney illegally closed his argument with the prejudicial reference to indemnity or payment to Small of workmen's compensation benefits. That portion of the argument is:
 "Of course, you are entitled to look in these records here and you are entitled to look at all of the exhibits that have been put to you and, of course, this bill that is part of these records that was introduced by the Plaintiff. It says Workman's Compensation. This bill isn't something that is outstanding. Those two bills are these bills. He doesn't owe these doctors or the hospital. That has been paid."
There was no objection to the statement, no motion to exclude, no request for a curative instruction from the trial court, and no motion for mistrial. Hospital records relating to coverage by workmen's compensation were introduced into evidence by Small. Approximately 172 pages of hospital records, certified under the Uniform Business Records as Evidence Act, were introduced and accepted into evidence as one exhibit. Reference to and record of payment of workmen's compensation was present on several of the medical records. The trial court was not asked to delete or exclude any reference to the workmen's compensation coverage. In view of this, the trial court will not be put in error where no specific objection is made. See, Central of Georgia Railway Co. v. Steed, 287 Ala. 64, 248 So.2d 110 (1971). Once evidence is admitted without objection, or not made the subject of a motion to exclude, the jury is free to consider it, even if illegal. Mersereau v.Whitesburg Center, Inc., 47 Ala. App. 146, 251 So.2d 765 (1971). Additionally, once the illegal evidence is admitted, either counsel may review or comment on same. In Osborn v. Brown,361 So.2d 82, 86 (Ala. 1978), this court stated:
 "It is, of course, true that, in argument to the jury, counsel may not argue as a fact that which is not a fact in evidence, but he may state or comment on all proper inferences from the evidence and may draw conclusions from the evidence based on his own reasoning. Teele v. Gravlee, 294 Ala. 126, 313 So.2d 169 (1975). It is also true that in the matter of an attorney's argument to the jury, much must be left to the enlightened judgment of the trial court, with presumptions in favor of its ruling. Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973). We need not decide whether the argument constituted legitimate inference or not. For, to justify reversal because of an attorney's argument to the jury, this Court must conclude that substantial prejudice has resulted. . . ."
See also, Alabama Power Co. v. Henderson, 342 So.2d 323 (Ala. 1976).
Here, defendant's attorney was simply commenting, without objection, on documents legally admitted into evidence. We find no prejudice as the result of that.
In support of his second issue, Small asserts the voluntary statement of Mack Warren, President of Columbiana Pole, that damages to his truck had been paid by Southern Haulers, Inc., plaintiff's employer, is so prejudicial as to require reversal. Warren's testimony on direct examination was as follows: *Page 1150 
 "Q. All right now. Was your truck repaired after this . . . was your truck damaged in that accident . . . the tractor part?
"A. Yes, my truck was a total loss.
"Q. Was it repaired?
"A. No . . . Well, Southern Haulers paid for it.
"Mr. Conwell: We object and move to exclude.
 "By the Court: Yes, I sustain and exclude the repair on the truck and whether or not any person paid for it."
As appears, the trial court excluded the unresponsive answer as requested in the objection. There was no request by counsel for Small that the trial court do anything further, nor was there any objection to the language employed in sustaining the objection and excluding the answer. Complaint is made on appeal for the first time that the trial court failed to admonish the jury not to consider the objectionable answer, to "wipe it out of their minds," or to in any other way eradicate it from consideration. It was not made known to the trial court that any further action upon its part was desired. Rule 46, ARCP. If there was error in this regard, and we think not, it was without injury. Rule 45, ARAP.
Furthermore, the trial judge refused to set aside the verdict and refused to grant a new trial. He heard the evidence and saw the witnesses. Such discretion in those rulings rests with the trial court and should not be disturbed by this court unless plainly and palpably wrong. See, Hill v. Cherry, 379 So.2d 590
(Ala. 1980).
There being no error in the record, the judgment in this case is due to be and is hereby affirmed.
APPLICATION FOR REHEARING OVERRULED; OPINION CORRECTED; AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.