This case arises out of the explosion on February 11, 1979, at American Furniture Galleries, Inc., a furniture factory in Montgomery.[1] American Furniture and its insurer, Appalachian Insurance Company, filed suit against: (1) Alabama Gas Corporation, alleging negligence and wantonness in the installation and maintenance of a cast iron gas main; (2) McWane, Inc., the manufacturer of the cast iron gas main, alleging liability under the Alabama Extended Manufacturer's Liability Doctrine; and (3) Jehle Brothers, Inc., alleging negligence and wantonness in the construction of a terra cotta drain which adjoined a storm catch-basin adjacent to the cast iron gas main. After a trial on the merits, the jury returned a verdict in favor of defendant McWane, Inc., but against defendants Alabama Gas Corporation and Jehle Brothers, in the amount of $100,000.00.
Plaintiffs appeal from the judgment based on the jury verdict in favor of defendant McWane, Inc. Plaintiffs originally appealed from the judgment based on the verdict as to both McWane and Alabama Gas, but dismissed the appeal as to Alabama Gas after plaintiffs and Alabama Gas reached a settlement. We affirm the trial court's judgment in favor of defendant McWane.
On appeal, plaintiffs allege that the trial court committed reversible error in: (1) submitting the defense of contributory negligence to the jury; (2) refusing to instruct the jury on "business interruption" damages; and (3) charging the jury that damages must be "definite" and "certain." We address only the issue relating to the contributory negligence question, and include only those facts necessary to the resolution of that issue. *Page 371 
 OPINION
Plaintiffs' theory of recovery against defendants was that the explosion and subsequent fire were caused by a buildup of natural gas in the factory. Plaintiffs attributed the gas buildup to a leakage of gas from a fractured gas main manufactured by defendant McWane and installed by defendant Alabama Gas. The gas main was two feet underground, next to the factory, but within the City of Montgomery's right-of-way. As to the cause of the gas main's fracture, plaintiffs' evidence showed that: (1) defendant Alabama Gas installed the gas main adjacent to a brick and mortar storm catch-basin, and that the gas main was in a condition of stress against the catch-basin; (2) defendant McWane manufactured the gas main with less than minimally safe wall thickness; and (3) a terra cotta drain pipe, manufactured by defendant Jehle Brothers and connected to the storm catch-basin, had a hole in it, which allowed water to leak down to the gas main and wash away its supporting soil.
At trial, defendants introduced evidence to prove that they were not negligent, but also, that even if they were negligent, plaintiffs were barred from recovery because of plaintiff American Furniture's contributory negligence. On appeal, plaintiffs argue that the trial court erred in submitting the contributory negligence defense to the jury because defendants failed to prove, even with a scintilla of evidence, that plaintiff American Furniture contributed to causing the explosion and fire.
Defendant McWane points to the following evidence of record in support of its argument that there was "substantial testimony from which the jury could infer that American Furniture Galleries was contributorily negligent in improperly
storing or using flammable materials on its premises." (Emphasis added.)
Mr. Thomas Hawkins, district manager of the Montgomery district for Alabama Gas, testified:
 "I know there was [sic] flammable materials such as lacquers and thinners and paint and so forth that were inside the factory that could have caused an explosion. That may have caused an explosion. . . . I saw the material there is the only — that's the only information I have. . . . I saw lacquers, paint thinners, and this sort of material that they use in finishing furniture. . . . In my opinion they were highly flammable. . . . In my opinion, two things [caused this explosion]. One was the pipe was in a strain up against the west side of the catch basin, southwest corner of the catch basin. The void was created over a period of time, underneath the pipe. And a stress had been there for some period of time, and it cracked. . . . My second opinion is that . . . there was an explosion inside of the building from flammable materials. This explosion caused the pipe, which was in a strain, to fracture. . . . I walked up and looked inside [the building]. . . . I'm not an expert on point but, I know this type material is explosive and it's highly flammable."
Mr. Hawkins conceded, however, that he saw nothing to indicate that the explosion and fire were actually caused by any of the materials plaintiff American Furniture used in its business:
 "Q. But you saw nothing to indicate that those flammables did, in fact, cause that explosion?
 "A. I simply just saw the material which, in my opinion, could have caused an explosion.
 "Q. You've no facts to support an opinion that they, in fact, did cause the explosion?
"A. No, I simply just saw the material."
Mr. Charles Kelly, deputy fire marshal for the City of Montgomery, testified that he found flammable substances in the factory, such as lacquers, thinners, and banana oils. But, he testified that his inspection of the factory after the fire produced no evidence that any of the flammable materials in the factory caused the explosion. In fact, he testified that in his opinion, natural gas caused the explosion. *Page 372 
Mr. Oscar Emfinger, maintenance and furniture production supervisor for American Furniture, testified that lacquer, banana oil, and thinners were used in the factory, and that a by-product of furniture production is sawdust, which can cause fire. He also testified that filler rags outside the building had caused a fire at the factory about a year before this explosion and fire.
Mr. Tom Wallace, a mechanical engineer and district supervisor of the Montgomery district for Alabama Gas, testified as follows:
 "Q. Now, of course, you were not, obviously, at the scene of the accident when it occurred and hadn't been there before the accident for some period of time?
"A. I had not.
 "Q. Okay, sir. I will ask you sir, in studying the situation that you saw out there and the things that you mentioned and taking into consideration your knowledge in the area and your training and experience, if you do have an opinion or opinions as to the likely or probable cause of the explosion?
"A. I have an opinion that —
"Q. Okay, sir. First, if you do?
"A. I have an opinion in the one of two factors.
 "Q. Okay, sir. And would you state what they are, please, sir?
 "A. Well, one being, as being discussed here, the fact that the cast iron pipe could have — cast iron pipe broke to get resultant gas leaking and migrating into the building could have migrated to some point of ignition. The other possibility would be the leaking of flammable, volatile fuels and materials that were stored in the building, having some sort of leak and leaking to a — migrating to a point of explosion, point of ignition so to cause an explosion. Those are two very definite factors I think could have caused it." (Emphasis added.)
Wallace also testified that an explosion originating in the factory could have produced vibrations which fractured the pipe. Two other witnesses testified that the pipe could have been fractured by the explosion.
Upon raising the affirmative defense of contributory negligence, defendant has the burden of proving that (1) plaintiff failed to use due care for his own, or as in the instant case, his property's, safety, and (2) that such a failure was a proximate cause of the injury. Hatton v.Chem-Haulers, Inc., 393 So.2d 950, 954 (Ala. 1980); UnitedStates Fidelity Guaranty Co. v. Jones, 356 So.2d 596, 598
(Ala. 1977). In Alabama, a defendant must produce at least a scintilla of evidence of plaintiff's lack of due care in order to be entitled to the submission of a contributory negligence defense to the jury. Elba Wood Products, Inc. v. Brackin,356 So.2d 119, 124 (Ala. 1978); Dean v. Mayes, 274 Ala. 88, 91,145 So.2d 439, 442 (1962).
Did defendant McWane carry its burden of proof and produce at least a scintilla of evidence as to plaintiff American Furniture's lack of due care? We think so. As the evidence of record set out above indicates, there was testimony by witnesses that plaintiff American Furniture's factory contained volatile substances, that these substances could have caused an explosion, and that the explosion could have fractured the gas main; therefore, there was at least a scintilla of evidence of contributory negligence on the part of American Furniture, and the trial court did not err in submitting the contributory negligence defense to the jury.
This Court has held that the issue of contributory negligence cannot be determined as a matter of law if different inferences and conclusions may reasonably be drawn from the evidence.Cooper v. Peturis, 384 So.2d 1087, 1088 (Ala. 1980); Teele v.Gravlee, 294 Ala. 126, 128, 313 So.2d 169, 170 (1975). Furthermore, this Court has ruled that the issue of contributory negligence must go to the jury if the evidence or the reasonable inferences arising therefrom furnish as much as a gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of *Page 373 
contributory negligence, and this defense must be submitted to the jury unless the evidence is entirely free of doubt of adverse inference. Dean v. Mayes, supra, 274 Ala. at 91,145 So.2d at 442 (1962).
Even in the cases cited by American Furniture, this Court held that the trial court properly submitted the issue of contributory negligence to the jury. See, Hatton v.Chem-Haulers, Inc., supra; Elba Wood Products, Inc., supra. In both of these cases, the Court stated that the question whether the plaintiff is guilty of contributory negligence is a matter of law only when the facts are such that all reasonable people must draw the same conclusion, and the question is for the jury when, under all the facts and circumstances, reasonable minds may fairly differ upon the question of the plaintiff's negligence. Hatton, supra, at 954; Elba Wood Products, Inc.,supra, at 124. Thus, the trial court in this case acted properly in submitting the issue of contributory negligence to the jury because there was, at a minimum, a gleam, glimmer, or scintilla of evidence supporting such a claim.
The trial court denied American Furniture's motion for a new trial. It is well established that the granting or denial of a motion for a new trial rests within the sound discretion of the trial court. Cox v. Cox, 431 So.2d 527, 529 (Ala. 1983). The trial court's exercise of discretion carries with it a presumption of correctness which will not be disturbed unless there is a clear abuse of some legal right and the record plainly and palpably shows that the trial court was in error.Hill v. Cherry, 379 So.2d 590, 592 (Ala. 1980). A strong presumption favors the jury's verdict and the trial court's refusal to grant a new trial. Matthews Brothers ConstructionCo. v. Lopez, 434 So.2d 1369, 1375 (Ala. 1983).
Defendant McWane argues further that even if the submission of the contributory negligence defense to the jury was error, it was harmless error.
We have held that one alleging error on appeal "must not only establish error but also must show that he was probably prejudiced by the error." Watson v. McGee, 348 So.2d 461, 463
(Ala. 1977). The burden is squarely on the appellant to establish that the error was probably prejudicial. Bucyrus-ErieCo. v. Von Haden, 416 So.2d 699 (Ala. 1982).
In view of all the evidence of record, and the fact that the jury returned a general verdict against defendants Alabama Gas and Jehle Brothers, but found in favor of McWane, we could also affirm the judgment, as McWane suggests, by applying the principle set forth in Rule 45, Alabama Rules of Civil Procedure. In short, even assuming the submission of the contributory negligence defense was error, it was harmless, because we can easily reconcile the jury's finding of liability on the part of Alabama Gas and Jehle Brothers, and the finding of no liability on the part of McWane, because McWane was charged only with selling a defective piece of pipe. The fact that McWane neither installed the pipe nor maintained it, and the fact that the pipe had been installed for a substantial period of time, was evidence from which the jury could have found that the explosion was the fault of Alabama Gas and Jehle Brothers — not McWane.
Based on the foregoing, we hold that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES and HOUSTON, JJ.
BEATTY and ADAMS, JJ., not sitting.
[1] The action arising out of this explosion has been tried twice to completion. After the first full trial, the trial court granted plaintiffs' motion for a new trial. Defendants appealed. We affirmed. Alabama Gas Corp. v. American FurnitureGalleries, Inc., 439 So.2d 33 (Ala. 1983). Accordingly, the action was retried, and now it is again before us on appeal. *Page 374