SHORES, Justice.
The single issue presented for our review is whether the defendants’ attorney’s comment, during his opening statement, that the plaintiff had already received compensation from his workmen’s compensation carrier for the injuries complained of, is grounds for reversal in light of the fact that counsel failed to make an objection, and the fact that the trial court instructed the jury to disregard the comment.
In Small v. Columbiana Pole & Timber Co., 433 So.2d 1148 (Ala.1983), we addressed a corresponding issue regarding an improper statement made during closing argument. In the instant case, as in Small, there was no objection to the statement, no motion to exclude, no request for a curative instruction, and no motion for mistrial. However, the instant case differs from Small in that the trial court, at the close of the defense counsel’s opening statement, instructed the jury that it “should not consider in any way, shape, or form the statements about workmen’s com? pensation. That was a mistake for that matter to be mentioned at all and you should clear it from your brains entirely, not give it another thought. It has no place in this lawsuit.”
The law in Alabama is clear that a trial court will not be put in error where no specific objection is made. Small, supra, at 1149 (citing Central of Georgia Ry. v. Steed, 287 Ala. 64, 248 So.2d 110 (1971)). Because there was no specific objection to the statement, and the trial court did give a curative instruction, we find no error so prejudicial as to require reversal. Therefore, the judgment appealed from is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.