I would affirm; therefore, I dissent.
Even if the trial court erred in granting Oxford's motion in limine and thereby barring the tape-recorded conversation from being introduced into evidence (and I would not hold that it did), from a thorough review of the record I find that error to be harmless.
Black's Law Dictionary, at 1193 (6th ed. 1990) defines "[p]rior inconsistent statements" as "prior statements made by the witness which contradict statements made on the witness stand." These prior statements of self-contradiction are not admissible to prove the truth of the matter asserted but only to impeach the credibility of the witness after a foundation has been laid and the witness has been given an opportunity to affirm or deny whether such prior statements were made. See C. Gamble, McElroy's Alabama Evidence, § 155.02(1) (4th ed. 1991).
Taylor's statements in the tape-recorded conversation, concerning who regulated the water faucets and the water temperature, were not inconsistent with her pre-trial deposition testimony or with her testimony at trial. Rather, as shown in that portion of the tape-recorded telephone conversation quoted by the majority, although Taylor initially indicated that she was the one who regulated the water faucets and the water temperature, she later corrected herself and in doing so made it unclear who actually had regulated the water; and she never specified, during the conversation, who regulated the faucets or the water temperature on the day in question.
Furthermore, in my opinion, the critical issue in this case was not who regulated the water faucets or the water temperature, but rather whether hot water actually caused the burns to Gaylard's legs or whether she received the burns in some other way (there was evidence of prior instances of severe redness and swelling in her legs that necessitated medical attention and evidence that she had used certain creams that could have caused burns like those she sustained). Throughout the trial, Oxford argued that the water Taylor used on Gaylard's legs was from the same bowl as the water that Taylor had used on the rest of Gaylard's body, yet the rest of Gaylard's body received no burns. Gaylard also testified that Taylor used the water to wash Gaylard's feet by pouring it down her legs; yet, there were no burns on Gaylard's feet. As Oxford states: "This defies all logic." If the water did not cause the burns to Gaylard's legs, it would make absolutely no difference who regulated the water faucets or the water temperature, because the temperature of the water would have no bearing on Gaylard's injuries.
Accordingly, even if the tape-recorded telephone conversation were technically admissible, the order keeping it out of evidence was not prejudicial error. Abbott v. Allstate Ins.Co., 507 So.2d 905 (Ala. 1987). On appeal, Gaylard had the burden not only to establish error but also to show that she was prejudiced by the error. Abbott v. Allstate; AmericanFurniture Galleries, Inc. v. McWane, Inc., 477 So.2d 369
(Ala. 1985). Gaylard has failed to carry that burden.
MADDOX, J., concurs.